**Thomas J. LAVEY and The Lakeland Group, Inc., Plaintiffs,**

v.

**The CITY OF TWO RIVERS, Defendant.**

**No. Civ.A. 96–C–611.**

United States District Court,
E.D. Wisconsin.

Feb. 24, 1998.

Thomas S. Hornig, Marc McCrory, Brennan, Steil, Basting & MacDougall, Janesville, WI, for Plaintiffs.

Winston A. Ostrow, Godfrey & Kahn, Green Bay, WI, for Defendant.

## DECISION AND ORDER FINDING CHAPTER 3 OF DEFENDANT THE CITY OF TWO RIVERS' ZONING ORDINANCE CONSTITUTIONAL

REYNOLDS, District Judge.

Defendant, The City of Two Rivers ("the City"), is a picturesque little city just north of Manitowoc, Wisconsin, on Lake Michigan. The City wishes to limit the number of billboards in its area; in an obvious effort to comply with constitutional requirements, the City has drafted a detailed zoning ordinance chapter, approximately thirty pages long, regarding signs and awnings ("the Ordinance").[1]

Plaintiffs Thomas J. Lavey ("Lavey") and The Lakeland Group, Inc. ("Lakeland")[2] (collectively "Plaintiffs") are in the business of billboards; Plaintiffs own and maintain billboards in several Wisconsin counties, including Manitowoc County, where the City is located. The City periodically prosecutes Plaintiffs for violating the Ordinance; there is a long history between the parties, detailed below in the background section.

Plaintiffs brought this § 1983 action, seeking to declare the Ordinance unconstitutional. Plaintiffs allege that the City deprived them of their rights under the First Amendment (made applicable to the City by the Fourteenth Amendment), the Due Process Clause of the Fourteenth Amendment, and the Wis-

---

1. A complete copy of the Ordinance is attached as Exhibit A to the April 23, 1997 Gallagher Affidavit.

2. While the complaint identifies the corporate plaintiff as The Lakeland Group, Inc., Plaintiffs' March 17, 1997 Proposed Findings of Fact identify the corporate plaintiff as Lakeland Outdoor Advertising.

consin Constitution. The complaint alleges that the Ordinance (1) is unconstitutionally vague, (2) improperly favors commercial over noncommercial speech, (3) is improperly content driven, (4) impermissibly delegates enforcement powers to the City's zoning administrator, (5) improperly applies strict liability penalties on speech; (6) is selectively enforced; and (7) violates the doctrine established by the Supreme Court in *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980).

In reviewing the parties' submissions, the court became concerned that it should not proceed with this action given previous litigation between the parties in state court, wherein Plaintiffs attempted to raise constitutional challenges to the Ordinance. The court requested that the parties address this concern, including a record of relevant state court proceedings. The details of the state proceedings are described below in the background section. The City argues that because the state proceedings have been resolved without any right of further appeal, this action is barred by issue and claim preclusion. However, a review of the record shows that the state courts did not address the constitutional challenges, so that Plaintiffs were unable to obtain a ruling from those courts. The City cites no authority to suggest that under these circumstances, issue and claim preclusion are a bar to this action.

This court must relinquish jurisdiction if deciding the dispute requires the court to review the merits of a state court decision. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Here, Plaintiffs are not challenging state court rulings in the sense of seeking relief from judgment, but rather seek declaratory and injunctive relief by constitutional challenge to the Ordinance. In the First Amendment context and under the facts of this case, there is no question that Plaintiffs have standing to make their constitutional challenges. The court concludes that it has subject matter jurisdiction and should not abstain from proceeding with this action.

Both parties have filed motions for summary judgment, thereby agreeing that whether the Ordinance is unconstitutional may be determined at this stage of the proceedings and on the current record before the court. To determine the factual background of this dispute, the court relies on the parties' stipulated facts or proposed findings of fact. *See generally* Local Rule 6.05 (E.D.Wis.). If factual propositions are disputed, evidentiary support for the dispute must be cited. *Id.* For the following reasons, the court concludes that the Ordinance is constitutional.

## BACKGROUND

The current Ordinance was adopted in October 1982, and has been amended nine times. The stated purpose of the Ordinance is

> to create the legal framework to administer and enforce outdoor sign and awning regulations within the City of Two Rivers. This chapter recognizes the need to protect the safety and welfare of the public; the need for well-maintained and attractive sign displays within the community, and the need for adequate business identification, advertising, and communication.

Sec. 10–3–1(a).

The Ordinance contains twenty-nine definitions, more than half which define particular sign types. Sec. 10–3–2. Construction or structural alteration of a sign requires paying a permit fee and filing an application, which will be granted or denied within ten days by the Zoning Administrator. Secs. 10–3–3, 10–3–4, 10–3–6, 10–3–7(d). Decisions made by the Zoning Administrator may be appealed to the Sign Board of Appeals. Sec. 10–3–7. Annual permits are required for certain signs which extend into or over public streets, or are under the jurisdiction of the Wisconsin Department of Transportation. Sec. 10–3–5. A permit is not required to change copy or to perform sign maintenance. Sec. 10–3–3.

Thirty days are allowed to comply with the Ordinance or remove the violating sign after written notification of a violation is received from the Zoning Administrator. Sec. 10–3–9.

Pre-existing billboards which were legal prior to adoption of the Ordinance are given the status of nonconforming legal use. This status is lost if the sign is structurally altered, other than for normal maintenance. Sec. 10–3–10. Certain types of signs are prohibited, such as signs painted directly on buildings over a specified size, abandoned signs, and illuminated signs which would interfere with traffic visibility. Sec. 10–3–12. Some signs do not require a permit, such as construction signs under a specified size, government signs, and political signs under a specified size. Sec. 10–3–13. The Ordinance contains general design requirements and construction specifications. Secs. 10–3–14, 10–3–16. The Ordinance also enumerates certain signs which are allowed depending on the zoning district in which they are located. Sec. 10–3–18. Noncommercial messages may be contained on any authorized sign. Sec. 10–3–1(c).

Lavey is the President of Lakeland, which is in the business of advertising and public relations, with clients throughout Wisconsin. Lavey and Lakeland own and maintain billboards in Calumet, Sheboygan, Manitowoc, and Kewaunee Counties; they disseminate, and make signs available for the public to disseminate, commercial and noncommercial messages. The parties agree that the billboards are used as a medium of communication. Copy on outdoor advertising changes frequently; approximately half of Lakeland's inventory changes monthly. As discussed above, the City specifically does not require prior approval to change advertising copy because it would be impractical; rapid copy change is desirable for outdoor advertising.

Plaintiffs have owned and maintained billboards in the City for more than fifteen years. Lavey actively participated in the proceedings which led up to the Ordinance's enactment. For more than the last six years, Lavey and Lakeland have periodically been taken to municipal court for alleged violations of the Ordinance.[3]

On May 19, 1990, the municipal court for the City of Manitowoc found that Lavey was not guilty of fifteen citations issued to him under the Ordinance, stating that "[h]aving reached this decision, the Court does not consider the issue of whether the ordinance is unconstitutionally vague or overbroad, nor does it address the 1st Amendment freedom of speech issues presented on these citations." (May 19, 1990 Decision at 2, attached as Ex. F to Apr. 22, 1997 Schmitt Aff.) The court further found Lavey guilty of three citations involving off-premises commercial advertising, and assessed civil forfeitures. This order was never appealed.

A subsequent municipal court proceeding[4] regarding another citation for illegally advertising an off-premises commercial product, and Plaintiffs' most-emphasized example of litigation between the parties, involved copy which read "Outdoor. It's Not a Medium, It's a Large." The entire background of the billboard was a colored, extreme close-up of an orange, with a "Sunkist" logo clearly visible. The slogan was part of a nationwide marketing plan by the Outdoor Advertising Association of America, of which Lakeland is a member. The poster arrived from the printer and was posted by Lakeland's crew. The City's zoning administrator for almost three decades (who apparently retired in 1995), cited Plaintiffs for illegally advertising oranges (an off-premises product) in violation of the Ordinance. In municipal court, Plaintiffs claimed that they never intended to advertise oranges, but rather that the poster was to promote outdoor advertising (the zoning administrator did not understand the slogan's play-on-words); Plaintiffs also claimed the Ordinance was unconstitutional. Following a trial to the municipal court which found against Plaintiffs, Plaintiffs appealed to circuit court, where a jury found Lavey guilty of violating the Ordinance. Lavey appealed to the court of appeals, which court certified two questions to the Wisconsin Supreme Court: "[w]hether a municipal ordinance regulating billboards impermissibly regulates commercial speech," and "[w]hether proof of knowledge of the contents of the commercial speech is an essential element of the prosecution for violation of the ordinance." (May 24,

---

**3.** It is unclear from the record as to how many times Plaintiffs have been charged with violating the Ordinance.

**4.** The date of the proceeding is unclear from the record.

1996 Compl., Ex. B; the certification order is undated.) The Wisconsin Supreme Court declined to address these questions, noting that they would be moot if the verdict was not supported by credible evidence, which issue should be addressed by the court of appeals. The court of appeals reversed the convictions for insufficient evidence, and did not reach the constitutional issues. (Oct. 4, 1995 Decision, attached as Ex. C to May 24, 1996 Compl.)

## DISCUSSION

### Statute of Limitations

■ The City argues that Plaintiffs' § 1983 claims are barred by a six-year statute of limitations because Lavey objected to the Ordinance as overly restrictive and unconstitutional prior to its adoption, more than six years prior to the commencement of this action. The City cites in support of its proposition *National Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1162–63 (4th Cir.1991). That case, however, is inapposite, in that the cited material is in the context of a claim for unconstitutional taking. Here, Plaintiffs seek declaratory and injunctive relief; in addition, the court in *National Adver.* noted that "it is doubtful that an ordinance facially offensive to the First Amendment can be insulated from challenge by a statutory limitations period." *Id.* at 1168.

The City's motion for summary judgment on statute-of-limitations grounds is denied.

### Vagueness

■ The government may regulate First Amendment activity only with narrow specificity. *N.A.A.C.P. v. Button*, 371 U.S. 415, 433, 83 S.Ct. 328, 9 L.Ed.2d 405 (1963). Plaintiffs contend that the Ordinance's definitions of off-premises and on-premises signs are vague, describing them as "neither all-encompassing nor mutually exclusive." (Pls.' Mar. 17, 1997 Br. at 12.) Because Plaintiffs' contention is made without quoting or specifically discussing the language, it is difficult to discern the exact nature of their challenge.

A review of the Ordinance finds the following definitions of off-premises and on-premises signs:

Off–Premise sign. A sign which advertises goods, products, facilities or services not necessarily on the premises where the sign is located, or directs persons to a different location from where the sign is located. On–Premise sign. Any sign identifying or advertising a business, person, activity, goods, products or services located on a premises where the sign is installed and maintained.

Sec. 10–3–2(a)(19) and (20).

The example Plaintiffs use is the sign with the Sunkist orange on it which the zoning administrator concluded was advertising Sunkist orange products in violation of the Ordinance's prohibition against off-site advertising. But one example, without anything more, is not enough to declare the Ordinance unconstitutionally vague. Plaintiffs do not discuss how the definitions of off- and on-premises signs are facially vague, and the definitions are not vague on their face to the court. The fact that "off-premises" and "on-premises" are not defined in the Ordinance is not fatal, for those terms are self-defining, i.e., there is no question as to the terms' meanings. It may be reasonable to conclude that the sign was promoting both outdoor advertising (with the slogan) and Sunkist oranges (which dominates the background of the sign), but neither party cites authority regarding such a situation where both interpretations are possible.

The court concludes that Plaintiffs have not carried their burden on summary judgment with respect to their claim that the Ordinance is unconstitutionally vague, which claim is therefore dismissed.

### Commercial v. Noncommercial Speech

■ Plaintiffs argue that the Ordinance, as enforced, favors commercial speech over noncommercial speech in violation of *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 101 S.Ct. 2882, 69 L.Ed.2d 800 (1981), because it allows some commercial speech but prohibits certain noncommercial speech. In *Metromedia*, without a majority opinion, the Supreme Court found unconstitutional an ordinance which prohibited outdoor advertising signs, with the exception of on-site commercial signs and signs falling within twelve specified categories. Justice White, who wrote the plurality opinion, noted that off-premises commercial signs may be prohibited while on-premises commercial signs are per-

mitted—"the city may distinguish between the relative value of different categories of commercial speech." *Id.* 453 U.S. at 512, 514. Justice White further noted that "the city may not conclude that communication of commercial information concerning goods and services connected with a particular site is of greater value than the communication of noncommercial messages." *Id.* at 513 (footnote omitted).

█ Plaintiffs appear not to facially challenge the Ordinance, but rather to challenge specific instances of enforcement. However, this court will not directly review state court actions (under the *Rooker–Feldman* doctrine). With respect to the Ordinance itself, the City cites to the Ordinance's provision that "Notwithstanding any other provision contained herein to the contrary, noncommercial messages may be contained on any authorized sign." (Sec. 10–3–1(c).) By allowing noncommercial signs, the Ordinance addresses the Court's concern in *Metromedia* that noncommercial messages are to be afforded greater protection than commercial messages. Plaintiffs do not respond.

Plaintiffs' claim that the Ordinance, as enforced, impermissibly favors commercial over noncommercial speech is dismissed.

### Content–Driven

Plaintiffs claim that, as drafted and enforced, the Ordinance is an unconstitutional content-based regulation, which should be presumed invalid and subjected to strict scrutiny. Plaintiffs' explanation of the basis for their challenge appears to be related to its delegation and selective enforcement claims, discussed below. Plaintiffs do not discuss this claim in their reply brief. The court concludes that Plaintiffs have not carried their burden on summary judgment with respect to their claim that the Ordinance is unconstitutionally content-driven, which claim is therefore dismissed.

### Delegation

Plaintiffs contend that the Ordinance impermissibly delegates power to the City's zoning administrator because (1) the Ordinance gives unchecked discretion which can be used to control speech protected by the First Amendment; (2) the definitions of off-premises and on-premises are not mutually exclusive; (3) the Ordinance allows the zoning administrator to select which services are not necessarily on the premises; and (4) "commercial" and "noncommercial" are not defined.

The City responds that the Ordinance is clear and unambiguous, and that the zoning administrator's decisions are subject to review by the Board of Appeals and the Wisconsin state courts. Plaintiffs do not reply. The court concludes that Plaintiffs have not carried their burden on summary judgment with respect to their impermissible delegation claim, which claim is therefore dismissed.

### Strict Liability

Plaintiffs argue that at the state trial regarding the Sunkist orange billboard, Lavey submitted a "mistake" instruction because he did not know the copy included the orange; the trial court rejected Lavey's argument and refused to give the instruction, ruling that "intent" was not an element of the offenses and "mistake" not a defense. Plaintiffs' position is that strict liability penalties for exercise of First Amendment freedoms are void, citing *Smith v. California,* 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959). In *Smith,* the Supreme Court held that an ordinance which prohibited the possession of obscene books in a bookstore was unconstitutional because it imposed absolute criminal liability, regardless of whether a bookstore owner knew that obscene books were present.

The City responds that Plaintiffs waived this claim because they made no relevant objection on the record regarding the court's refusal to give a "mistake" instruction, and that *Smith v. California,* 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205 (1959) is inapposite. To the extent that plaintiff is challenging the court's refusal to give the instruction, this court cannot reach the matter (under the *Rooker–Feldman* doctrine). As to a general challenge to the Ordinance, the basis of Plaintiffs' claim is unclear. In any event, the *Smith* case is significantly dissimilar to the case before the court (for example, that ordinance imposed criminal sanctions, the definitions of prohibited activities are notably distinct, a bookstore owner has more books than Plaintiffs have billboards, etc.) In the pres-

ent context, it is meaningless to use analogy to compare a billboard to a book.

Plaintiffs' claim that the Ordinance imposes strict liability· in violation of the First Amendment is dismissed.

## Selective Enforcement

■ The City moves for summary judgment on Plaintiffs' selective enforcement claim, which claim the City assumes, from Plaintiffs' summary judgment brief, is made (and Plaintiffs confirm in their reply brief). The assumption is based on the fact that there is no separately-listed claim on this ground in the complaint; paragraph 17, cited by Plaintiffs for their claim, contains one sentence that the Ordinance has been selectively enforced, and is made under the section titled "The Ordinance is Unconstitutionally Vague."

The City argues that there is no evidence of selective enforcement, and so asserted in its proposed findings of fact. (Def.'s Proposed Findings of Fact ¶¶ 15 and 16). Plaintiffs respond that the proposals are denied, and assert that there is evidence of selective enforcement, without any detail or citation to the record, as required by Local Rule 6.05(b)(1). (Pls.' Response ¶¶ 15 and 16). In their brief, Plaintiffs state that "proving selective enforcement is a daunting task" (Pls.' June 6, 1997 Reply Br. at 12). Plaintiffs elaborate on their claim by noting that (1) nothing in the record shows that the City enforces the Ordinance as zealously against anyone except Plaintiffs; (2) there has been a long history of litigation by the City against the Plaintiffs; (3) the zoning administrator issued citations rather than giving Plaintiffs thirty days warning; (4) the zoning administrator has gone before the Sign Board of Appeals to give advisory opinions on behalf of other sign owners, in which proceedings it was decided that a particular sign may not be in compliance but that no further action would be taken [5]; and (5) the zoning administrator has singled out Lavey by attempting to cite him in one ·example for violation of the Ordinance.

Plaintiffs do not discuss the basis for their selective enforcement claim; typically challenges are made under the Equal Protection Clause of the Fourteenth Amendment, for which Plaintiffs would have to show that they have been singled out based on an impermissible consideration, such as to prevent the Plaintiffs' exercise of First Amendment rights. All the examples given by Plaintiffs, with the exception of a sketchy example from almost a decade ago, deal with the zoning administrator's treatment of Plaintiffs, with no discussion of how others were given more favorable treatment, and with no suggestion that the zoning administrator was acting to deprive Plaintiffs of their First Amendment rights. Plaintiffs have failed to state an actionable claim for selective enforcement.

## Central Hudson

■ In *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n,* 447 U.S. 557, 100 S.Ct. 2343, 65 L.Ed.2d 341 (1980), the Supreme Court enunciated a four-part test to be applied to the regulation of commercial speech:

(1) whether the expression concerns lawful activity and is not misleading;

(2) whether the asserted governmental interest is substantial;

(3) whether the regulation directly advances the governmental interest asserted; and

(4) whether the regulation is no more extensive than is necessary to serve the interest.

*Id.* 447 U.S. at 566.

There is no suggestion that Plaintiffs' billboards concern unlawful activity or are misleading. The Ordinance's purposes are to address "the need to protect the safety and welfare of the public; the need for well-maintained and attractive sign displays within the community, and the need for adequate business identification, advertising, and communication." (Sec. 10–3–1(a).) There is no dispute that these are legitimate substantial governmental interests. Thus, the first two

---

**5.** The citation listed in Plaintiffs' brief, Exhibit SS to the April 23, 1997 Gallagher Affidavit, is a copy of minutes from a June 1988 Sign Board of Appeals meeting. Apparently the meeting was requested by the zoning administrator to get the Board's advisory opinion regarding the Ordinance, and the zoning administrator did not advise on behalf of other sign owners.

prongs of the *Central Hudson* test are not at issue; Plaintiffs challenge the City's ability to meet the third prong (whether the Ordinance directly advances the governmental interests asserted) and fourth prong (whether the Ordinance is no more extensive than is necessary to serve the governmental interests).

The Seventh Circuit has noted that "the Supreme Court has given considerable leeway to legislative bodies in determining the appropriate means to further a legitimate governmental interest...." *South–Suburban Hous. Ctr. v. Board of Realtors,* 935 F.2d 868 (7th Cir.1991) (citing *Board of Trustees of the State Univ. of New York v. Fox,* 492 U.S. 469, 480, 109 S.Ct. 3028, 106 L.Ed.2d 388 (1989)). The City proposes that the Ordinance "directly advances the governmental interests of safety and aesthetics, and is not more extensive than is necessary to serve those interests," and that there is a "reasonable fit" between the City's interests and the Ordinance. (Def.'s Proposed Finding of Fact ¶¶ 19 and 20.) A review of the carefully-crafted, detailed Ordinance establishes that the *Central Hudson* mandates have been satisfied. *See National Adver. Co.,* 912 F.2d at 409.

## CONCLUSION

Plaintiff Thomas J. Lavey and The Lakeland Group, Inc.'s motion for summary judgment is **DENIED**.

Defendant The City of Two Rivers' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART**.

Chapter 3 of defendant The City of Two Rivers' zoning ordinance, "Signs and Awnings," is constitutional.