**Jesse FRYE, d/b/a L & J Newstand, Plaintiff,**

v.

**The CITY OF KANNAPOLIS, a North Carolina Municipal Corporation; Ray Moss, Mayor of the City of Kannapolis; Kenneth B. Geathers, Mayor pro tem of the City of Kannapolis; Jack M. Goodnight, Council Member of the City of Kannapolis; Roger D. Hass,** **Council Member of the City of Kannapolis; Jennie C. Wyrick, Council Member of the City of Kannapolis; Robert S. Misenheimer, Council Member of the City of Kannapolis; Phil Meacham, Council Member of the City of Kannapolis; Barry Mosley, Zoning Services Manager for the City of Kannapolis, Defendants.**

**No. 1:99CV00111.**

United States District Court, M.D. North Carolina.

April 29, 1999.

William H. McMillan, Pope McMillan Kutteh Simon & Baker, P.A., Statesville, NC, for Jesse Frye dba L & J Newstand, plaintiff.

Roddey M. Ligon, Jr., Womble Carlyle Sandridge & Rice, Winston–Salem, NC, for Kannapolis, City of, a North Carolina Municipal Corporation, defendant.

*MEMORANDUM OPINION*

BULLOCK, Chief Judge.

This case is before the court on Defendants' motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. This matter arises out of an action filed in this court by Plaintiff Jesse Frye against Defendant City of Kannapolis and numerous individual Defendants. In his complaint Plaintiff alleges that a zoning ordinance enacted by Defendants offends the First Amendment to the United States Constitution. Defendants have moved to dismiss Plaintiff's complaint on statute of limitation grounds under Rule 12(b)(6), Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motion will be denied.

## FACTS

Plaintiff Jesse Frye is a resident of China Grove, North Carolina. He owns and operates L & J Newstand, which offers to the public adult-oriented books and magazines for sale and adult video tapes for sale, rental, and on-site viewing. The newsstand is located at 1201 North Cannon Boulevard in the City of Kannapolis ("Kannapolis"), North Carolina. This location stood in an unincorporated portion of Rowan County when Plaintiff founded the establishment in 1971. In 1984 Kannapolis was chartered under the laws of North Carolina and its territory included, and still includes, Plaintiff's lot on North Cannon Boulevard.

On February 28, 1994, Kannapolis adopted Ordinance 150–40, which regulates the placement of adult establishments within the city. This ordinance is incorporated into several sections of the city's zoning ordinances. Plaintiff concedes in his complaint that the L & J Newstand is an adult-oriented business under Section 4:5 of the zoning ordinances. As such, it is subject to Section 3:3, which establishes the "Adult Oriented Business Overlay Dis-

trict" ("overlay district"). By creating the overlay district, Kannapolis sought to provide an area where adult-oriented businesses can operate, while at the same time restricting their concentration and separating them from certain other categories of use.

Plaintiff sets out in his complaint Section 5:3.15.2 of the zoning ordinances, which imposes requirements on adult-oriented businesses located in the overlay district above and beyond those of general applicability contained in the zoning ordinances. According to Plaintiff, this section provides that:

> (1) No such business shall locate within 2,000 feet of any other Adult Oriented Business, as measured in a straight line from property line to property line; (2) No Adult Oriented Business shall be located within 2,000 feet of a church, public or private elementary or secondary school, child day care or nursery school, public park, residentially zoned or residentially used property, or any establishment with an on-premises ABC license, as measured in a straight line from property line to property line.

Plaintiff concedes that L & J Newstand does not comply with these regulations in its current location and thus represents a nonconforming use under Section 9:3(1) of the zoning ordinances. As a result, Plaintiff was required to cease operations or meet all zoning requirements within sixty months of the date on which his property became a nonconforming use (which was the day the zoning rules cited above were adopted on February 28, 1994). Kannapolis informed Plaintiff by letter dated March 9, 1994, of the new zoning regulations and their impact on his establishment.

Plaintiff filed suit under 42 U.S.C. § 1983 on February 12, 1999, against Defendant Kannapolis and numerous individual Defendants, each of whom serve Defendant Kannapolis in an official capacity. In his complaint, Plaintiff alleges that the zoning regulations cited above which render his newsstand a nonconforming use violate his freedoms of speech and expression as protected by the First and Fourteenth Amendments to the United States Constitution. Plaintiff alleges that these zoning regulations offend the First Amendment because they "totally exclude and preclude the location or operation of Frye's or any other adult-oriented business within the City." He seeks preliminary and permanent injunctions forbidding Defendants from enforcing the contested zoning regulations.

Defendants have moved to dismiss Plaintiff's complaint under Rule 12(b)(6), Federal Rules of Civil Procedure. They contend that Plaintiff fails to state a claim upon which relief can be granted because his claim is barred by a three-year statute of limitations which expired no later than March 9, 1997.

## DISCUSSION

■ Rule 12(b)(6), Federal Rules of Civil Procedure, permits the court, upon motion of the defendant, to dismiss all or part of a plaintiff's cause of action for failure to state a claim upon which relief can be granted. The court must not grant such a motion, however, "unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). In making this determination, the court should construe the complaint in the light most favorable to Plaintiff and must accept all of Plaintiff's well-pleaded allegations as true. *Id.* If Plaintiff's complaint reveals on its face that the claim alleged therein is barred by an applicable statute of limitations, dismissal of Plaintiff's complaint under Rule 12(b)(6) is appropriate. *See Brooks v. City of Winston–Salem, North Carolina*, 85 F.3d 178, 181 (4th Cir.1996) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 at 352 (2d ed. 1990) ("A complaint showing that the statute of limitations has run on the claim is the most common

situation in which the affirmative defense appears on the face of the pleading.")).

■ Defendants construe Plaintiff's complaint as an "as-applied" challenge rather than a "facial" challenge and contend that the three-year statute of limitations found in North Carolina General Statute § 1–52(5) applies to it.[1] They also maintain that the court should deem Plaintiff's cause of action to have accrued no later than March 9, 1994, the date on which Plaintiff was informed that his adult establishment was a nonconforming use. This leads to the conclusion, Defendants argue, that Plaintiff's claim is time-barred.

■ The outcome here depends largely on whether the court construes Plaintiff's complaint to be a facial challenge to the Kannapolis adult zoning ordinance or an as-applied challenge. The basic distinction is that an as-applied challenge represents a plaintiff's protest against how a statute was applied in the particular context in which plaintiff acted or proposed to act, while a facial challenge represents a plaintiff's contention that a statute is incapable of constitutional application in any context. *See New York State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 11, 108 S.Ct. 2225, 101 L.Ed.2d 1 (1988) (describing First Amendment facial attacks). This distinction impacts the inquiry a court must make to determine the validity of a challenged statute, because only in as-applied challenges are facts surrounding the plaintiff's particular circumstances relevant. Furthermore, if successful in an as-applied claim the plaintiff may enjoin enforcement of the statute only against himself or herself in the objectionable manner, while a successfully mounted facial attack voids the statute in its entirety and in all applications. *See Women's Med. Prof'l Corp. v. Voinovich*, 130 F.3d 187, 193 (6th

Cir.1997), *cert. denied*, 523 U.S. 1036, 118 S.Ct. 1347, 140 L.Ed.2d 496 (1998).

■ The parties debate the appropriate label to be placed on Plaintiff's claim because that label affects the disposition of Defendants' motion to dismiss. Several courts have suggested or directly held that a facial challenge to a statute on First Amendment grounds is not subject to a statute of limitations defense. *See National Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1168 (4th Cir.1991) (declining to resolve on statute of limitations grounds First Amendment challenge to ordinance regulating outdoor advertising signs because "it is doubtful that an ordinance facially offensive to the First Amendment can be insulated from challenge by a statutory limitations period");[2] *see also Lavey v. City of Two Rivers*, 994 F.Supp. 1019, 1023 (E.D.Wis.1998) (citing *National Advertising* and rejecting defendant's contention that six-year statute of limitations barred First Amendment challenge to ordinance regulating outdoor signs), *aff'd*, 171 F.3d 1110 (7th Cir.1999); *3570 East Foothill Blvd. v. City of Pasadena*, 912 F.Supp. 1268, 1278 (C.D.Cal.1996) (rejecting statute of limitations defense to facial challenge to conditional use and live entertainment permitting schemes used to regulate adult establishments); *Santa Fe Springs Realty Corp. v. City of Westminster*, 906 F.Supp. 1341, 1364–65 (C.D.Cal. 1995) (citing *National Advertising* and rejecting statute of limitations defense to suit challenging on its face conditional use permitting scheme regulating adult establishments). This rule stems from the fact that a facially invalid statute inflicts a continuing injury by chilling protected speech in an on-going fashion. *See 3570 East Foothill Blvd.*, 912 F.Supp. at 1278; *Santa Fe Springs Realty*, 906 F.Supp. at 1364– 65.

---

1. As a general matter, a state's statute of limitations for personal injury actions defines the limitations period for a Section 1983 claim. *See National Adver. Co. v. City of Raleigh*, 947 F.2d 1158, 1161–62 (4th Cir.1991).

2. The court in *National Advertising* expressly limited its statute of limitations holding to takings claims and declined to extend that holding into the First Amendment realm.

■ Defendants' motion to dismiss fails because Plaintiff's suit, construed in the light most favorable to the Plaintiff as the court must at this stage of the proceedings, represents a facial challenge to the Kannapolis adult zoning ordinance. The court is aware of no other case in which a court, when faced with the argument that the First Amendment should invalidate an adult zoning ordinance because the ordinance fails to provide a sufficient number of places for adult establishments to locate, adequately addressed the question of whether such a suit attacks the ordinance on its face or as applied. Nevertheless, applying the general principles regarding the facial/as-applied distinction discussed above to the Plaintiff's claim, liberally construed, persuades the court that Plaintiff challenges the Kannapolis ordinance on its face.

Plaintiff's attack on the Kannapolis ordinance appears facial because he contends that the ordinance cannot be applied in a constitutional manner to anyone. *See United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) (holding that, to be successful, facial challenge must establish "that no set of circumstances exists under which the Act would be valid"); *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 n. 5, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) ("A 'facial' challenge, in this context, means a claim that the law is 'invalid *in toto*—and therefore incapable of any valid application.'"). According to Plaintiff, the distance restrictions contained in Section 5:3.15.2 preclude any adult establishment from locating in Kannapolis because a circle with a radius of 2,000 feet, around all churches, schools and day care centers, parks, residential property, and establishments with ABC permits renders all property within Kannapolis off limits to adult-oriented businesses. If Plaintiff makes such a showing, Kannapolis can be prohibited from enforcing its adult zoning ordinance against Plaintiff or anyone else, because the ordinance would not provide "reasonable alternative avenues of communication." *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 50, 106 S.Ct. 925, 89 L.Ed.2d 29 (1986). This is in fact the remedy Plaintiff seeks—an injunction barring Defendants from applying the adult zoning ordinance to any adult establishment, existing or proposed.

The fact that the court must engage in some degree of fact-finding to resolve this dispute does not alter its facial character. The facts to be found are not peculiar to the application of the ordinance against Plaintiff, and thus the inquiry will differ from the ad hoc factual inquiries which typify as-applied challenges. *See National Adver.*, 947 F.2d at 1165 (stating that takings challenges are ordinarily as-applied because they involve ad hoc factual inquiries "'with respect to specific property, and the particular estimates of economic impact and ultimate valuation relevant in the unique circumstances'") (quoting *Hodel v. Virginia Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 295, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981)). A plaintiff attacks a zoning ordinance on its face both when he objects to language contained therein that "no adult establishments shall be located in our town" and when he objects to provisions which effectively state the same thing because no would-be proprietor of an adult establishment can meet the requirements they set forth. The fact that the latter challenge necessitates a factual inquiry does not make it an as-applied one.

The fact that the ordinance has been applied to Plaintiff also does not change the nature of his claim. *See Erznoznik v. City of Jacksonville*, 422 U.S. 205, 95 S.Ct. 2268, 45 L.Ed.2d 125 (1975) (holding ordinance making it a public nuisance for drive-in theater to exhibit movie containing nudity, if screen visible from street or public place, unconstitutional on its face, even though statute had been enforced against plaintiff). Plaintiff's suit is properly viewed as a facial attack on the Kannapolis adult zoning ordinance because of the

 

relief he seeks and the generalized inquiry the court must make to resolve his claim. These characteristics are the hallmarks of a facial claim. *See New York State Club Ass'n,* 487 U.S. at 11, 108 S.Ct. 2225; *Women's Med. Prof'l Corp.,* 130 F.3d at 193–94; *see also Members of the City Council of the City of Los Angeles v. Taxpayers for Vincent,* 466 U.S. 789, 802–03, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984) (stating that had plaintiffs argued visual blight was insufficiently weighty governmental interest to justify defendants' sign ordinance they would present facial claim; instead, plaintiffs challenged potency of such interest in particular context of plaintiffs' conduct, which made challenge an as-applied one).[3]

Lastly, Defendants argue that the facial/as-applied distinction is irrelevant because Plaintiff could have brought an as-applied challenge on March 9, 1994. The court disagrees. Because of the nature of the claim it contains, Plaintiff's complaint would present a facial challenge to the Kannapolis adult zoning ordinance no matter when it was brought. Defendants' argument is, in effect, that the Section 1983 statute of limitations should apply to a plaintiff who brings a facial challenge to an ordinance which has been applied against him or her. The court cannot find any authority for such a rule, especially in light of the Fourth Circuit's language in *National Advertising,* 947 F.2d at 1168 (declining to apply statute of limitations to facial First Amendment challenge to zoning ordinance which had been applied to plaintiff).

## CONCLUSION

For the foregoing reasons, the court will deny Defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Because the likelihood of success factor considered in applying the balancing test for injunctive relief may be easily determined in this case, and because of the time elapsed since adoption of the ordinance, the court will consider evidence presented on this factor at a hearing to be scheduled on Plaintiff's motion. At such hearing the court will expect the Plaintiff to make a showing in support of his contention that the ordinance is unconstitutional on its face because it prohibits the operation of adult-oriented businesses within the city limits of Kannapolis.

An order in accordance with this memorandum opinion shall be filed contemporaneously herewith.

### ORDER

For the reason set forth in the memorandum opinion filed contemporaneously herewith,

IT IS ORDERED that Defendants' motion to dismiss [Doc. #6] is **DENIED.**

---

**3.** At least one court has labeled a claim challenging the constitutionality of distance ordinances regulating the placement of adult establishments as a facial claim. *See International Eateries of Am., Inc. v. Broward County,* 726 F.Supp. 1556 (S.D.Fla.1987). *But see Wolfe v. Village of Brice, Ohio,* 997 F.Supp. 939 (S.D.Ohio 1998) (labeling such a claim "as-applied").