NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0089n.06

Case No. 14-5456

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Jan 29, 2015

DEBORAH S. HUNT, Clerk

TRI-CITIES HOLDINGS LLC, et al,          )
                                         )       ON APPEAL FROM THE UNITED STATES
          Plaintiffs-Appellants,         )       DISTRICT COURT FOR THE EASTERN
                                         )       DISTRICT OF TENNESSEE
v.                                       )
                                         )
TENNESSEE HEALTH SERVICES               )
AND DEVELOPMENT AGENCY, et al,          )
          Defendants-Appellees.          )

BEFORE:    BATCHELDER and ROGERS, Circuit Judges; BECKWITH, District Judge.[*]

          BECKWITH, Senior District Judge.  Plaintiff-Appellants, Tri-Cities Holdings LLC and a

group of individual plaintiffs (collectively "Plaintiffs") appeal the district court's orders that

(1) failed to grant their motion for a preliminary injunction barring enforcement of certain Tennessee

statutes and the Johnson City, Tennessee zoning code, based on the court's conclusion that Plaintiffs'

substantive claims are not ripe; (2) failed to grant their motion for partial summary judgment for the

same reason; and (3) dismissed without prejudice their state law claims against the Tennessee state

defendants.

          We have jurisdiction to review the district court's order denying without prejudice Plaintiffs'

motion for a preliminary injunction, and we affirm.  We lack jurisdiction to review the denial of

---

[*] The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern
District of Ohio, sitting by designation.

summary judgment and dismissal of the state law claims, and we dismiss the appeal as to those issues.

I.

Tri-Cities Holdings operates several opiate addiction treatment programs in the southeastern United States. It wanted to open a methadone maintenance clinic to treat opiate-addicted individuals in the City of Johnson City, Tennessee. Tri-Cities obtained an option to lease property in the City, but the chosen location did not meet all the requirements of a section of the City's zoning code applicable to methadone maintenance clinics. Specifically, the property was not located on an arterial street but was on a cul-de-sac; and the clinic intended to open at 5 a.m., while the zoning code stated that it could not open before 7 a.m. Tennessee law requires a methadone clinic (and most other health care facilities) to obtain a certificate of need ("CON") from the Tennessee Health Services and Development Agency ("HSDA"), and a license to operate the facility from the Department of Mental Health and Substance Abuse Services, in order to open the facility. Tri-Cities applied for a certificate of need from HSDA, and for special exception approval of the site from Johnson City. At an April 9, 2013 hearing, the Johnson City Board of Zoning Appeals denied Tri-Cities a special exception approval, largely due to the Board's opinion that it had no authority to grant exceptions to the conditions in the zoning code that apply to methadone maintenance clinics. At that time, HSDA had not yet held a hearing on Tri-Cities's application for a CON, and Tri-Cities had not applied for a license.

Ten days later, Plaintiffs filed a complaint in the Eastern District of Tennessee against the City of Johnson City, the City Commissioners, and its Board of Zoning Appeals (collectively the "Johnson City defendants"). The complaint alleged that the City's zoning ordinance, placing

restrictions on permissible sites for a methadone maintenance clinic, was facially invalid under the Rehabilitation Act and the Americans with Disabilities Act. Plaintiffs alleged that the Johnson City defendants unlawfully discriminated against disabled persons (those with opiate addiction who sought reasonable access to methadone treatment in their community) when it denied Tri-Cities's application. Plaintiffs filed a motion for a preliminary injunction with their complaint, seeking an order requiring the City to approve Tri-Cities's requested exception to allow the clinic to open.

On April 25, 2013, the district court ordered Tri-Cities to show cause why their preliminary injunction motion was not premature, because Tri-Cities lacked a CON and a state license. Tri-Cities responded that the City's refusal to approve its requested zoning exception prevented it from obtaining a CON, because to do so Tri-Cities must show compliance with all local laws. Tri-Cities further argued that its facial challenge to the City's zoning ordinance was ripe, because it had exhausted its administrative remedies when the Board of Zoning Appeals finally denied its request. The district court then conducted a full-day evidentiary hearing on May 24, 2013, after which it dismissed the complaint without prejudice, finding that Plaintiffs' claims were not ripe. Addressing the contention that the lack of local zoning approval prevented Tri-Cities from obtaining a CON, the district court noted that state law governing CONs does not require the applicant to show support or approval of local officials. The court found that Plaintiffs' facial challenge to the zoning ordinance was therefore premature, and invited them to reopen the case when Tri-Cities obtained a decision on its CON and license applications.

A few days later, on June 26, 2013, HSDA held a public hearing on Tri-Cities's application for a certificate of need. At the close of the hearing, HSDA denied the application. Tri-Cities filed an administrative appeal of that decision under applicable Tennessee law. That appeal is pending.

Plaintiffs then filed another lawsuit in the Middle District of Tennessee against the Johnson City defendants, and against HSDA, its Executive Director, and its individual members (collectively "HSDA") . This complaint reiterated Plaintiffs' claims arising from Johnson City's zoning permit denial, and facially challenged certain state statutes and regulations as unlawfully discriminatory against disabled individuals. In particular, the complaint alleged that Tenn. Code Section 68-11-1607(c)(3) was facially discriminatory and invalid, because it requires applicants for a CON for a methadone maintenance clinic to send notice to local elected officials of the application. Plaintiffs alleged that providing notice to local communities simply encourages unfounded opposition to such clinics, and that no other medical service facility faces this requirement.

The Johnson City defendants moved to transfer venue to the Eastern District of Tennessee, citing the prior lawsuit and the district court's order dismissing that case without prejudice. A flurry of motions followed, including Plaintiffs' motion for a preliminary injunction and motion for partial summary judgment, and defendants' motions to dismiss. The district court granted the motion to transfer venue, and did not rule on the substantive motions. After the case was returned to the Eastern District, Tri-Cities reported to the court that the state ALJ had set a final hearing in Tri-Cities's administrative appeal for July 29, 2014.

On April 10, 2014, the district court issued two orders giving rise to this appeal. The first granted in part HSDA's motion to dismiss. The court concluded that the complaint failed to state a cognizable claim under the Rehabilitation Act, because HSDA does not directly or indirectly receive federal funds. It denied dismissal of Plaintiffs' ADA claim, concluding that the complaint sufficiently alleged conduct that violated both Title II of the ADA and the Fourteenth Amendment. The court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims, which

sought to appeal HSDA's administrative denial of a CON, and dismissed those claims without prejudice. The court noted its intent to stay the entire case pending the resolution of Tri-Cities's administrative appeal. In the second order concerning the Johnson City defendants, the court held that issue preclusion applied to its decision in the first lawsuit concluding that Plaintiffs' claims were not ripe. The facts upon which that conclusion was based - Tri-Cities lacked a CON and a state license - had not changed. The district court stayed the case pending the outcome of the administrative appeal, and denied without prejudice Plaintiffs' motions for a preliminary injunction and for partial summary judgment. The district court also denied Plaintiffs' motion for an injunction pending appeal, seeking to bar enforcement of the Johnson City zoning ordinance and the Tennessee notice statute. The court concluded that the relief sought amounted to a favorable judgment, and that Plaintiffs failed to satisfy any of the four factors governing injunctive relief.

On June 18, 2014, this Court denied Plaintiffs' motion for an injunction pending appeal, and the Johnson City defendants' motion to dismiss the appeal.

II.

Pursuant to 28 U.S.C. §1291, this Court has jurisdiction to review final decisions of the district courts. Certain interlocutory orders, including those "granting, continuing, modifying, refusing or dissolving injunctions ..." are also immediately appealable under 28 U.S.C. §1292.

We lack appellate jurisdiction to review the district court's order denying without prejudice to renewal Plaintiffs' motion for partial summary judgment, as it is plainly not a final decision nor an immediately appealable interlocutory order. The district court stayed its consideration of the merits of that motion pending Tri-Cities's exhaustion of its state administrative appeal. We also lack jurisdiction to review the district court's dismissal of Plaintiffs' state law claims against HSDA.

-5-

We have jurisdiction to review the district court's denial of Plaintiffs' motion for a preliminary injunction. As noted in our order denying dismissal of this appeal, an order that effectively denies injunctive relief is immediately appealable if it has "serious, perhaps irreparable, consequence." *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981). We review the district court's factual findings for clear error, and its legal conclusions de novo. The ultimate decision to grant or deny a preliminary injunction is reviewed for an abuse of discretion. *Hunter v. Hamilton Cnty. Bd. Of Elections*, 635 F.3d 219, 233 (6th Cir. 2011).

III.

This Court considers four factors in reviewing the district court's order denying injunctive relief:

(1) whether Plaintiffs have shown a strong likelihood of success on the merits;

(2) whether Plaintiffs would suffer irreparable injury without the injunction;

(3) whether issuance of the injunction would cause substantial harm to others; and

(4) whether the public interest would be served by the issuance of the injunction.

*Northeast Ohio Coalition v. Husted*, 696 F.3d 580, 591 (6th Cir. 2012)(internal citations omitted). A plaintiff "must show more than a mere possibility of success ... but need not prove his case in full. ... It is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation." *Id*. (internal citations and quotations omitted).

(1) <u>Likelihood of success on the merits</u>. The district court did not address the merits of Plaintiffs' discrimination claims, concluding they were not ripe. Plaintiffs have not shown any error in that conclusion.

Ripeness is a threshold determination. The district court considered three factors in finding that Plaintiffs' claims were not ripe: (1) the likelihood that the harm alleged will ever come to pass; (2) the hardship resulting if judicial relief is denied at that point; and (3) whether the factual record was sufficiently developed to produce a fair adjudication of the merits. The court found that none of these factors was satisfied.

Plaintiffs argue that facial challenges to invalid laws are "always ripe by their very nature." (Appellants' Brief at 28) They cite *Ecogen, LLC v. Town of Italy*, 438 F.Supp.2d 149, 155 (W.D.N.Y. 2006), and *MacDonald v. Safir*, 206 F.3d 183, 189 (2d Cir. 2000). These cases are factually distinguishable. In *Ecogen*, the plaintiff alleged that a township's moratorium on construction of wind turbines violated its substantive due process and equal protection rights. Prior to the moratorium, plaintiff purchased property and acquired easements for its planned wind facilities. When the project was publicly announced, the town passed a six-month moratorium on wind turbines, stating it needed time to consider and adopt a master zoning plan. The town repeatedly renewed the moratorium but failed to adopt a master plan. Plaintiff did not require any state or local permits to proceed with its project, and the district court found the plaintiff's facial challenge to the moratorium ordinance was ripe. Tri-Cities is not in a comparable position: it concedes it cannot open a methadone clinic without a CON and a license from the state.

*MacDonald v. Safir*, 206 F.3d 183 (2d Cir. 2000), involved a First Amendment challenge to New York City's parade permit regulations. The Second Circuit held that a facial challenge is proper "... whenever a licensing law gives a government official or agency substantial power to discriminate based on the content or viewpoint of speech ...". *Id*. at 189, citing *City of Lakewood v. Plain Dealer Publishing Co.*, 486 U.S. 750 (1988). Plaintiffs' supplemental authorities are similarly

distinguishable, as they involve facial challenges to zoning ordinances that infringe First Amendment rights of speech and free expression.[1] Plaintiffs are not raising First Amendment claims. And they cite no authority suggesting that the ripeness doctrine should be similarly relaxed or excused when an ordinance or statute is challenged under the ADA or the Rehabilitation Act.

Plaintiffs also contend that their claims are ripe because they face a "Catch 22" dilemma that requires immediate judicial relief. They argue that they must show their compliance with local laws in order to obtain a CON from HSDA. They also cite the Johnson City zoning ordinance's requirement that Tri-Cities obtain a CON in order to obtain a special exception approval under that ordinance. This potential "Catch 22" was mentioned several times during the Board of Zoning Appeals' hearing on Tri-Cities's application. Mr. Neilson, Johnson City's Traffic Engineer, summarized Tri-Cities's application at the start of the hearing, and reviewed the requirements of Section 613.3.3 of the City's zoning code governing methadone treatment clinics. Neilson stated that one of the code's requirements is that the clinic be fully licensed and certified by the state, and a CON obtained from HSDA, prior to BZA approval. Mr. Neilson stated that if the Board chose to grant the two waivers sought by Tri-Cities (permission to open at 5 a.m., and a location that was not an arterial street), the approval "should be conditioned upon granting - that the State grants them the certificate of need. Since they can't get their certificate of need prior to BZA approval, it's kind of a catch-22, so you'll probably see an amendment to that code in the future." Mr. Neilson also opined that the Board lacked legal authority to grant a variance or exception to the conditions of the zoning ordinance regarding hours of operation and arterial street location.

---

[1] *Frye v. City of Kannapolis*, 109 F.Supp.2d 436 (M.D.N.C. 1999); and *3570 E. Foothill Blvd., Inc. v. City of Pasadena*, 912 F.Supp. 1268 (C.D. Cal. 1996).

Mr. Herrin, counsel for Johnson City, also spoke at the hearing. He opined that the Board did not have legal authority to overrule the criteria adopted by the City Commission in the zoning code. The City's position was that two of those criteria (arterial street and hours of operation) were not satisfied. Mr. Herrin agreed with Neilson that the Board should not consider the fact that Tri-Cities did not have an approved CON, as that would amount to a "Catch-22." He urged the Board not to consider that issue in reaching its decision regarding the other two criteria. At the close of the hearing, a Board member made a formal motion to deny Tri-Cities's request, stating that the "... hours of operation and the location having access from an arterial street are not met. The way that the board has acted on special exceptions ... in the past when a special exception request comes before us, if it meets all the conditions we have no choice but to approve that special exception. This does not meet all those conditions and based on that fact, I move that we deny the request." The record before us does not reasonably support an argument that the Board denied Tri-Cities's zoning application because it lacked a CON.

Plaintiffs also contend that they faced this "Catch-22" dilemma before HSDA, and suggest that HSDA denied a CON because Tri-Cities lacked a zoning permit, and because of Johnson City officials' opposition to their proposal. Plaintiffs cite the opening remarks of Mr. Christoffersen, HSDA's general counsel, at the HSDA hearing. Christoffersen reported that the federal district court had essentially postponed a decision on Plaintiffs' lawsuit challenging the Johnson City ordinance, and he urged the members to set aside any consideration of local zoning. He specifically recommended that the panel focus its discussions on the three main criteria for issuing a CON: the demonstrated need for the facility; the proposal's economic feasibility; and its contribution to the

-9-

orderly development of healthcare in Tennessee.[2] Christofferson told the panel: "I would recommend and urge that the decision not be based on zoning itself today, because it hasn't been definitely determined to be a roadblock, and, therefore, that the [other] criteria be looked at rather than that." At oral argument, Plaintiffs' counsel dismissed these statements as "tongue in cheek" subterfuge that should be interpreted as urging the panel to deny a CON because of local opposition. We cannot agree with counsel's characterization. Given the entirety of the hearing testimony and the questions posed by the panel members, there is no reason to suspect that the panel did not follow Mr. Christofferson's advice.

Plaintiffs' counsel also cited a statement by a "lobbyist" for Johnson City, who appeared at the HSDA hearing and spoke in opposition to Tri-Cities's application. This "lobbyist" (Mr. Taylor) summarized the City's position that Tri-Cities had not established a need for its proposed clinic. He cited the physician-to-patient ratio for area physicians approved to dispense buprenorphine (an alternative to methadone for treating opiate addiction), a ratio that is apparently more favorable than in other more populous areas of the state. He also critiqued Tri-Cities's economic model for its clinic operations. Johnson City's mayor, who is a practicing oral surgeon, also spoke. He described other addiction treatment services currently available in Johnson City, and questioned Tri-Cities's contention that it had shown a need for the clinic. Other questions were raised at the hearing by other speakers and HSDA members about operations at Tri-Cities's other methadone clinics, the adequacy of proposed staffing levels, and the extent of education that would be required for clinic staff. Also, prior to the hearing, HSDA's staff had reviewed Tri-Cities's application and concluded

---

[2] The factors HSDA considers in analyzing the three criteria are set forth in the HSDA's staff review and analysis of Tri-Cities' application.

they could not support it "... because the majority of the Criteria and Standards for the type of facility being proposed in the application have not been met ...". Plaintiffs concede that HSDA has issued CON's for 12 other methadone clinics in Tennessee, so this staff recommendation cannot simply be attributed to local opposition or lack of zoning approval, much less bias against opiate-addicted individuals. It is clear that HSDA was aware of local opposition to Tri-Cities's proposal. But we cannot agree that HSDA denied a CON because of that opposition, or because Tri-Cities lacked a zoning variance. As the district court accurately stated, Tenn Code Ann. §68-11-1624 specifically states that local support or opposition to a methadone maintenance clinic's CON application is informational and advisory only, and is not a prerequisite to obtaining a CON.

These facts strongly support a conclusion that Plaintiffs cannot show a substantial likelihood of success on the merits of their assertion that their claims are ripe. If Tri-Cities's state administrative appeal is ultimately unsuccessful, it cannot open its clinic. And until that appeals process is complete, the district court cannot reasonably determine if Tri-Cities was denied a CON due to some Catch 22 dilemma, or whether the denial was based on issues having nothing to do with Johnson City's zoning ordinance or disability discrimination. We are confident that the district court can address the ramifications of any "Catch-22" dilemma that might appear in the record when Plaintiffs can demonstrate that their claims are ripe.

(2) Irreparable injury. In seeking an injunction pending appeal, Plaintiffs claimed three types of irreparable harm: (1) the "Catch-22" scenario discussed above; (2) individual opiate-addicted people cannot get methadone treatment in Johnson City; and (3) those individuals are stigmatized by the City's zoning ordinance. The district court found all three insufficient. The "Catch-22" scenario had not occurred; and even if the City's ordinance did not exist, addicted individuals could

-11-

not receive methadone treatment unless a clinic obtained a CON and a state license. Any alleged harm from stigma could be addressed with compensatory damages, and was not irreparable. With regard to the enforcement of the Tennessee notice statute, Plaintiffs had not shown any connection between that statute and the denial of their CON application. The district court also noted that much of the delay in the state administrative appeal was due to Plaintiffs' counsel's motion to stay those proceedings, a position that undercut any suggestion of irreparable harm.

The district court did not err in reaching its conclusions. Plaintiffs contend that individual opiate addicts lack methadone treatment, and must drive long distances to obtain that treatment. They cite studies demonstrating that distance is a barrier to obtaining addiction treatment. But they concede that treatment is available, even though they must drive some distance to reach a clinic. We agree with the district court that Plaintiffs have not shown irreparable harm caused by the denial, without prejudice, of their request for injunctive relief.

(3) <u>Harm to others</u>. In the district court, neither of the Defendants identified any particular injury they would suffer if injunctive relief were granted. The district court found that this factor neither supports nor weighs against the requested injunction. We agree, as the Defendants have not identified any such harm in their briefs to this Court.

(4) <u>The public interest</u>. The district court found that considerations of the public interest weighed against granting injunctive relief. The State of Tennessee and the public "have a strong interest in regulation of medical facilities consistent with Tennessee's health plan and that a CON is granted only when the need for the facility is properly established. The public likewise has a strong interest in the integrity of, an[d] orderly functioning of, the state's administrative procedures." We find no error in the district court's conclusion. The injunction Plaintiffs sought would effectively

-12-

operate as a favorable decision on the merits of their claims, permitting the clinic to open despite the lack of a license and the pending administrative appeal. Such injunctive relief would trump the role of the state agencies entrusted by the Tennessee Legislature to review and determine the merits of applications for certificates of need, and to issue licenses to health care providers. We agree with the district court that the public interest would not be served by granting Plaintiffs the requested injunction.

IV.

The district court's order denying without prejudice Plaintiffs' motion for a preliminary injunction is affirmed. We lack jurisdiction to review the denial without prejudice of Plaintiffs' motion for partial summary judgment, and the dismissal without prejudice of its state law claims.