**Robert J. SLAVEK, Petitioner,**

v.

**George HINKLE, Warden, Respondent.**

No. 1:03CV1439.

United States District Court,
E.D. Virginia.
Alexandria Division.

March 10, 2005.

Robert Joseph Slavek, Pro Se, Jarratt, VA.

Virginia Bidwell Theisen, Office of the Attorney General, Richmond, VA, for Respondent.

### *MEMORANDUM OPINION*

ELLIS, District Judge.

Petitioner, Robert J. Slavek ("Slavek"), a Virginia inmate proceeding *pro se*, filed this petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state court convictions. On July 23, 2004, respondent filed a Motion to Dismiss and Rule 5 Answer. Slavek was given the opportunity to file responsive materials, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975), and did so by filing a response on November 23, 2004. Accordingly, this matter is now ripe for disposition. For the reasons that follow, this petition must be dismissed.

## I.

The record reflects that on August 18, 1999, the Norfolk Police Department was conducting surveillance of Slavek at the Kirn Memorial Library. In the course of this surveillance, Slavek was observed using library computers to access child pornography websites with the use of a stolen credit card. He was then observed printing four sexually explicit images of children from these websites. On exiting the library, Slavek was approached by police officers, who found the four printed pictures on his person. Slavek was arrested and charged with one count of "possession of sexually explicit visual material utilizing or having as a subject a person less than eighteen years of age," a misdemeanor proscribed by Virginia Code § 18.2–374.1:1,[1] and with one count of "reproducing sexually explicit material of persons under eighteen years of age," a class 5 felony, Virginia Code § 18.2–374.1. A subsequent consensual search of Slavek's room at the Norfolk Union Mission yielded four plastic grocery bags containing numerous photographs of sexually explicit images of children printed from a computer.

On November 15, 1999, Slavek pled guilty in the Norfolk General District Court to the misdemeanor charge of child pornography possession with regard to the four plastic grocery bags and was sentenced to twelve months in jail. On the same day, the General District Court held a preliminary hearing on the felony production charge and dismissed this charge.

Subsequently, on March 1, 2000, a grand jury indicted Slavek on eight counts of possession of child pornography, four counts of production of child pornography,[2] one count of credit card forgery and one count of credit card theft. Thereafter, Slavek filed two pre-trial motions: (i) a Motion to Quash Indictments based on the Commonwealth's violation of his rights under the Double Jeopardy Clause; and (ii) a Motion to Dismiss the charges pursuant to a violation of his speedy trial rights under Virginia Code § 19.2–243, which requires that a defendant, held continuously in custody, must be tried within five months of a finding of probable cause. The Circuit Court of the City of Norfolk denied both motions. *Commonwealth v. Slavek*, CR00001143–00 through 13 (Va. Cir. Ct. Sept. 13, 2000, and Sept. 18, 2000). Ultimately, Slavek entered a conditional plea, reserving his right to appeal the adverse rulings on his pre-trial motions. Slavek pled guilty to eight counts of possession of child pornography, four counts of reproduction of child pornography, one count of credit card forgery and one count of credit card theft. In accordance with the plea agreement, which provided for a sentence of five years for each conviction with four years suspended for each count, the Circuit Court sentenced Slavek to seventy years imprisonment with fifty-six years suspended to be followed by an indeterminate period of supervised probation. *Commonwealth v. Slavek*, CR00001143–00 through 13 (Va.Cir.Ct. Sept. 25, 2000).

Thereafter, Slavek filed a petition for appeal in the Court of Appeals of Virginia, raising the following claims: (i) that the indictment for eight counts of possession of child pornography violated his rights under the Double Jeopardy Clause; (ii) that the trial court erred in ruling that the

---

1. At the time Slavek was arrested, the child pornography possession violation was considered a misdemeanor. In 2003, Virginia Code § 18.2–374.1:1 was amended to re-classify this possession violation as a class 6 felony.

2. The four counts for reproduction of child pornography were brought pursuant to the four images that were found on Slavek as he exited the Kirn Memorial Library.

printing of a pornographic image from a computer screen satisfied the statutory language and intent of Virginia Code § 18.2–374.1; and (iii) that the trial court erred in denying his motion to dismiss the indictments based on a statutory speedy trial violation. The Court of Appeals of Virginia reversed and vacated the eight possession convictions, but affirmed the four reproduction convictions. *Slavek v. Commonwealth*, R. No. 2452–00–1, 2001 WL 1182397 (Va.Ct.App. Oct. 9, 2001). Slavek, by petition for appeal, then sought review in the Supreme Court of Virginia, which denied the petition. *Slavek v. Commonwealth*, R. No. 012463 (Va. Mar. 14, 2002).

On March 17, 2003, Slavek filed a state habeas petition in the Supreme Court of Virginia asserting the following claims:

A. His conviction must be set aside on the grounds that the statute, under which he was convicted, namely Virginia Code § 18.2–374.1(B)(3), is unconstitutional because computer-generated images are a form of protected speech. Furthermore, Slavek alleged the Commonwealth failed to establish that the four images found on his person were of real people.

B. His conviction must be set aside because his constitutional and statutory rights to a speedy trial were violated.

C. His conviction must be set aside because his rights under the Double Jeopardy Clause were violated when the Commonwealth charged him with four counts of production of child pornography and eight counts of possession of child pornography.

D. His conviction must be set aside because his indictment was flawed as it did not specify which portions of Virginia Code § 18.2–374.1 he was accused of violating.

E. His conviction must be set aside because on two counts he was sentenced outside the Virginia sentencing guidelines to indeterminate probation.

F. His conviction must be set aside as his counsel was ineffective for the following reasons:

1. Counsel failed to provide an adequate defense because counsel did not present an argument on the lack of profit motive, which, according to Slavek, was the paramount goal of the legislature in enacting Virginia Code § 18.2–374.1. Furthermore, counsel did not present an argument on whether the individuals, represented in the images, were real people and Virginia citizens.

2. Counsel failed to prepare for the July 17, 2000 hearing and counsel was unaware of the pertinent facts from the General District Court proceeding of November 15, 1999. Furthermore, counsel confused Slavek's name with the prosecutor's name.

3. Counsel failed to have Slavek present at the entry of the trial court's July 27, 2000 continuance order.

4. Counsel failed to object to the trial court's July 27, 2000 continuance order.

5. Counsel failed to preserve the attorney-client privilege by discussing the facts of the plea agreement in the presence of nine other inmates awaiting trial, instead of securing a private interview room.

6. Counsel displayed a prejudicial attitude by his unsolicited description of the evidence as disgusting during the July 17, 2000, hearing, and by declaring in his letter of July 17, 2000, that Slavek must cooperate with the court and the prosecutor.

7. Counsel did not inform Slavek of the side bar discussion, which occurred during the July 17, 2000 hearing.

8. Counsel advised Slavek to reject a five-year plea bargain, and instead advised him to accept a seventy-year plea agreement.

9. Counsel unduly influenced Slavek into accepting the plea agreement by stating that he could not defend Slavek in a jury trial because he had pled guilty to the misdemeanor charge in the General District Court.

Slavek's state habeas petition was denied and dismissed on August 15, 2003. *Slavek v. Warden*, R. No. 288690 (Va. Aug. 15, 2003).

On November 4, 2003, Slavek filed the instant federal habeas petition, wherein he raises the same claims presented in his state habeas petition to the Supreme Court of Virginia. On July 23, 2004, respondent filed a Motion to Dismiss and Rule 5 Answer, and Slavek filed a response on November 23, 2004. Accordingly, this matter is now ripe for disposition.

## II.

■ Where, as here, a petitioner mounts a constitutional collateral attack on a state conviction stemming from a guilty plea, three threshold inquiries are required:

(i) whether the constitutional claim was exhausted in state court;

(ii) whether the constitutional claim was procedurally defaulted by application of an adequate and independent state procedural rule; and

(iii) whether defendant's constitutional challenge to the claim has been foreclosed by entry of a guilty plea.

■ First, state exhaustion has long and sensibly been a prerequisite for federal habeas review of constitutional challenges to state convictions for, as the Supreme Court has recognized, the exhaustion requirement "is rooted in considerations of federal-state comity" and Congress' determination in 28 U.S.C. § 2254(b) that exhaustion of adequate state remedies will "best serve the policies of federalism." *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). This exhaustion requirement is satisfied so long as "a claim has been 'fairly presented' to the state courts." *See Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000), *cert. denied*, 531 U.S. 1193, 121 S.Ct. 1194, 149 L.Ed.2d 110 (2001). In this case, the exhaustion inquiry is easily resolved because the record clearly reflects that Slavek properly presented all of the claims asserted here in his state habeas petition presented to the Supreme Court of Virginia.[3] It follows, therefore, that Slavek has met the exhaustion requirement as to all of his claims. The next two inquiries require more extensive analysis.

---

**3.** Respondent objects that Slavek's claim (F9) raises a new claim of ineffective assistance of counsel and so must be exhausted before he may bring this claim on federal collateral review. Yet, a review of the record makes clear that the substance of claim (F9) was included in Slavek's state habeas petition.

The second inquiry is whether the claim was procedurally defaulted during the state court proceedings. In this regard, a federal habeas court generally may not review a claim when a state court has declined to consider the merits of the claim on the basis of a state procedural rule, provided the procedural rule is an independent and adequate state ground for denying relief. *Harris v. Reed,* 489 U.S. 255, 262–63, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); *Bacon v. Lee,* 225 F.3d 470, 476 (4th Cir.2000). A state procedural rule is independent "if it does not depend on a federal constitutional ruling, and is adequate if it is regularly and consistently applied by the state court." *Bacon,* 225 F.3d at 476 (citations and internal quotations omitted). Once the adequacy and independence of the state procedural rule are established, federal courts may not review the defaulted claims absent a showing (i) of "cause and prejudice" or (ii) that failure to consider the federal claim will result in a "fundamental miscarriage of justice," such as by demonstrating actual innocence. *Harris,* 489 U.S. at 262, 109 S.Ct. 1038 (citing *Murray v. Carrier,* 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)); *Burket v. Angelone,* 208 F.3d 172, 183 (4th Cir.2000). The existence of cause ordinarily turns upon a showing of (i) a denial of effective assistance of counsel, (ii) a factor external to the defense which impeded compliance with the state procedural rule, or (iii) the novelty of the claim. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 753–54, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Clozza v. Murray,* 913 F.2d 1092, 1104 (4th Cir.1990); *Clanton v.*

*Muncy,* 845 F.2d 1238, 1241–42 (4th Cir. 1988). And to establish prejudice adequate to excuse the default, a petitioner must show that the prejudice arising from the asserted constitutional error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Mickens v. Taylor,* 240 F.3d 348, 356–57 (4th Cir.2001) (quoting *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

And finally, where, as here, the petitioner seeks federal collateral review of his guilty plea, the third inquiry involves determining whether the defendant's constitutional challenge to his conviction is foreclosed by his guilty plea. In this respect, it is well-settled that a voluntary and intelligent guilty plea generally forecloses federal collateral review of allegations of antecedent constitutional deprivations. *Tollett v. Henderson,* 411 U.S. 258, 266–67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) (holding that state prisoner's guilty plea foreclosed challenge to racial discrimination in grand jury selection); *Fields v. Attorney Gen. of Maryland,* 956 F.2d 1290, 1294 (4th Cir.1992) (holding that guilty plea foreclosed Sixth Amendment claim for denial of counsel at critical stage in proceedings).[4] The Supreme Court explained the rationale underlying this rule in *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), reasoning that a voluntary and intelligent guilty plea, by establishing a reliable admission of factual guilt, "removes the issue of factual guilt from the case" and, therefore, "renders irrelevant those constitutional violations

---

4. A guilty plea does not foreclose claims for constitutional deprivations arising *subsequent* to entry of a guilty plea. *See, e.g., United States v. Bunch,* 80 Fed.Appx. 846, 847 (4th Cir.2003) (unpublished disposition) (holding that *Tollett* rule did not apply to bar double jeopardy challenge to sentence because sen-

tence was imposed after entry of guilty plea); *Nachamie v. Dalsheim,* 1979 U.S. Dist. LEXIS 10721, at *6 (S.D.N.Y.1979) (holding that guilty plea did not bar challenge to sentencing because claim depended on events occurring subsequent to guilty plea).

not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction." 423 U.S. at 63 n. 2, 96 S.Ct. 241.[5] Accordingly, once judgment on a plea is final, collateral inquiry for constitutional claims that occurred prior to the entry of the guilty plea is generally limited to whether the plea itself was knowing and voluntary. *Fields,* 956 F.2d at 1294.

■ Yet, this rule barring collateral attack on guilty pleas is not absolute. For example, the principal exception to this rule, established in *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974) and reaffirmed in *Menna v. New York,* is that a guilty plea does not bar a constitutional claim that "goes to the very power of the State to bring the defendant into court to answer the charge brought against him." *Blackledge,* 417 U.S. at 29, 94 S.Ct. 2098 (holding prosecutorial vindictiveness claim not barred by guilty plea). Put differently, a guilty plea does not foreclose from federal collateral review those constitutional claims that involve the "right not to be haled into court at all." *Id.; Menna,* 423 U.S. at 62–63, 96 S.Ct. 241 (holding double jeopardy claim not barred by guilty plea). Many courts, including the Fourth Circuit, have labeled these claims "jurisdictional" challenges to a defendant's guilty plea.[6] Significantly, the *Blackledge/Menna* exception is entirely consistent with

5. A number of courts, including at least two Fourth Circuit panels, have concluded that by entry of a guilty plea a defendant "waives" his right to bring constitutional challenges to his conviction. *See, e.g., United States v. Wiggins,* 905 F.2d 51, 52 (4th Cir.1990) ("A defendant who enters a guilty plea waives the right to raise a constitutional challenge to his or her conviction ... except in narrow circumstances.") (citation omitted); *United States v. McMahan,* 1995 WL 253114, at *4 n. 1, 1995 U.S.App. LEXIS 9831, at *6 n. 1 (4th Cir. 1995) (unpublished disposition) ("A guilty plea acts as a complete admission of factual guilt and therefore waives any constitutional violation associated with the determination of guilt."). Yet, the Supreme Court has consistently made clear that "waiver" is not at the heart of the *Tollett* rule. *See United States v. Broce,* 488 U.S. 563, 573, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) ("Our decisions have not suggested that conscious waiver is necessary with respect to each potential defense relinquished by a plea of guilty. Waiver in that sense is not required."); *Haring v. Prosise,* 462 U.S. 306, 321, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983) ("[The *Tollett* line of decisions] did not rest on any principle of waiver."); *Menna v. New York,* 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) ("[W]aiver was not the basic ingredient of this line of cases."). Waiver requires an "intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). And while entry of a guilty plea certainly involves the knowing and voluntary relinquishment of certain rights, for example, the right to a jury trial, a guilty plea also bars antecedent constitutional claims, not affirmatively waived, but "foreclosed by the admissions inherent in [a petitioner's] guilty plea[]." *Broce,* 488 U.S. at 576, 109 S.Ct. 757; *Menna,* 423 U.S. at 63 n. 2, 96 S.Ct. 241 ("A guilty plea ... renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt ....").

6. *See, e.g., Mack v. United States,* 853 F.2d 585, 586 (8th Cir.1988); *United States v. Pickett,* 941 F.2d 411, 416–17 (6th Cir.1991); *United States v. Gonzalez,* 85 Fed.Appx. 881, 882 (4th Cir.2004) (unpublished disposition); *United States v. Bunch,* 80 Fed.Appx. 846, 847 (4th Cir.2003) (unpublished disposition); *United States v. Jones,* 916 F.Supp. 558, 564 (E.D.Va.1996) (citing cases). It is worth noting, however, that the Supreme Court has never adopted the term "jurisdictional" to describe the exception. And, as noted by the D.C. Circuit, this characterization of the rule may be troublesome if the exception is interpreted to refer only to claims challenging the subject-matter jurisdiction of the court. *See United States v. Baucum,* 80 F.3d 539, 542–43 (D.C.Cir.1996) (expressing some reservation about whether the *Blackledge/Menna* exception may be described as "jurisdictional").

the rationale underlying the *Tollett* rule. Thus, while the general rule is that a valid guilty plea forecloses collateral review of antecedent constitutional challenges, *i.e.,* those "render[ed] irrelevant" by a guilty plea's reliable establishment of factual guilt, under the *Blackledge/Menna* exception, those claims that go to the very power of the State to bring a defendant into court, *i.e.* those that "stand in the way" of a conviction even if factual guilt is validly established, are still cognizable on federal habeas review of a guilty plea. *Menna,* 423 U.S. at 63 n. 2, 96 S.Ct. 241 Also consistent with this rationale, the *Blackledge/Menna* exception applies only to constitutional claims that are clear on the face of the indictment and the existing record. *See United States v. Broce,* 488 U.S. 563, 576, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (rejecting double jeopardy claim that required proof of additional factual evidence beyond face of indictment). Thus, even claims that go to the power of the government to hale the defendant into court, if they require proof of additional factual evidence, may not be raised on federal habeas because they have been "foreclosed by the admissions inherent in [a petitioner's guilty plea[ ]." *See Broce,* 488 U.S. at 576, 109 S.Ct. 757.

The Supreme Court has also recognized a second exception to the general principle that a guilty plea forecloses federal habeas review of all antecedent constitutional claims. This exception arises "when state law permits a defendant to plead guilty without forfeiting his review to specified constitutional issues," for example, by entry of a conditional guilty plea. *See Lefkowitz v. Newsome,* 420 U.S. 283, 293, 95 S.Ct. 886, 43 L.Ed.2d 196 (1975) (permitting habeas review where New York statute permitted appeals from adverse decisions on motions to suppress even after entry of guilty plea); *Fields,* 956 F.2d at

1295 (quoting and relying on *Lefkowitz,* 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196, but reserving question whether "state law" extends beyond state statutory law to include state common law and practice).

In sum, therefore, unless one of these narrow exceptions to the general rule applies—the constitutional claim involves the right not to be haled into court at all or state law permits a defendant to enter a conditional guilty plea and the defendant has expressly preserved that claim for appeal—entry of a voluntary and intelligent guilty plea forecloses federal collateral review of all antecedent constitutional deprivations.

Once these three threshold inquiries have been satisfied, the next step in the analysis is to determine the appropriate standard of review. If the exhausted claim was "adjudicated on the merits" in state court within the meaning of 28 U.S.C. § 2254(d), the claim must be reviewed on federal habeas pursuant to § 2254(d)'s deferential standard of review. Under this provision, a federal court may not grant the petition based on the claim unless the state court's adjudication of the claim resulted in a decision that (i) was "contrary to," or "an unreasonable application of, clearly established federal law," or (ii) was based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first standard requires two separate and distinct inquiries. *See Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Thus, a state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts."

*Williams,* 529 U.S. at 413, 120 S.Ct. 1495. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* This standard of reasonableness is an objective one. *Id.* at 410, 120 S.Ct. 1495.

Where, however, a claim properly presented to a state court was not adjudicated there on the merits, the standard of review is de novo review of questions of law and mixed questions of law and fact, instead of the deferential review prescribed in § 2254(d). *See Weeks v. Angelone,* 176 F.3d 249, 258 (4th Cir.1999).

These principles, applied to Slavek's claims, make clear that he has failed to state a claim sufficient to warrant federal habeas relief. Each of Slavek's claims are separately addressed.

### III.

As an initial matter, it is clear that claim (E)—that Slavek was sentenced outside Virginia's discretionary sentencing guidelines—must be dismissed because

there is no jurisdiction on federal habeas to review a claim that implicates no federal rights. Importantly, "a state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Billotti v. Legursky,* 975 F.2d 113, 119 (4th Cir.1992) (quoting *Engle v. Isaac,* 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). Thus, questions of state law that do not implicate federal rights are not cognizable on federal habeas under § 2254. *Id.* (citing *Inge v. Procunier,* 758 F.2d 1010, 1014 (4th Cir.1985)). Slavek argues that his sentence must be set aside because he was sentenced to indeterminate probation, a sentence he claims is outside Virginia's discretionary sentencing guidelines.[7] In essence, Slavek requests review of Virginia's application of its own law. Yet, as noted, unless a state-court decision "implicate[s] federal constitutional rights," basic principles of federalism preclude review as it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. *Fisher v. Angelone,* 163 F.3d 835, 854 (4th Cir.1998) (citations omitted). Because claim (E) implicates no such federal right, this claim must be dismissed.[8]

7. Slavek was originally convicted in the Circuit Court of the City of Norfolk on fourteen counts and sentenced to seventy years imprisonment with fifty-six years suspended to be followed by an indeterminate period of supervised probation. *See Commonwealth v. Slavek,* CR00001143–00 through 13 (Va.Cir.Ct. Sept. 25, 2000). Slavek's initial sentence was based on his plea agreement, which provided for a sentence of five years, with four years suspended, for each count. Thereafter, the Court of Appeals of Virginia reversed and annulled eight of the fourteen convictions. *See Slavek v. Commonwealth,* R. No. 2452–00–1, 2001 WL 1182397 (Va.Ct.App. Oct. 9, 2001). Thus, Slavek's sentence was reduced to thirty years imprisonment, with twenty-four years suspended, to be followed by an indeterminate period of probation. Accord-

ingly, Slavek is now serving a six-year custody sentence.

8. On state habeas review, the Supreme Court of Virginia dismissed claim (E), concluding that review was barred pursuant to Virginia Code § 19.2–298.01(F), which states that failure to follow any or all provisions of Virginia's discretionary sentencing guidelines cannot serve as grounds for state habeas relief. *Slavek v. Warden,* R. No. 030547 (Va. Aug. 15, 2003). One other federal court has concluded that federal habeas challenges to the application of Virginia's discretionary sentencing guidelines should be dismissed, not for lack of jurisdiction, but as procedurally defaulted, when previously dismissed on state habeas pursuant to § 19.2–298.01(F). *See Turnstall v. Powell,* 2002 WL 32605747, at *2 (E.D.Va.

All of Slavek's remaining claims implicate federal rights and so may be reviewed on federal habeas if not procedurally defaulted or barred by Slavek's guilty plea.

## IV.

 The analysis of claims (A) and (D) requires a multi-stage analysis. On state habeas review, the Supreme Court of Virginia dismissed claims (A) and (D) holding that they were barred from collateral review by the rule articulated in *Peyton v. King,* 210 Va. 194, 169 S.E.2d 569 (1969), which holds that a "voluntary and intelligent plea of guilty by an accused is . . . a waiver of all defenses other than those jurisdictional." *Id.* at 571; *see also Savino v. Commonwealth,* 239 Va. 534, 391 S.E.2d 276, 278 (1990) (citing *Tollett,* 411 U.S. at 267, 93 S.Ct. 1602).

The analysis of these claims properly begins with an assessment of respondent's contention that these claims must be dismissed as procedurally defaulted. As discussed, a claim cannot be procedurally defaulted unless the state procedural rule invoked to dismiss the claim is an independent and adequate state ground for denying relief. *Harris,* 489 U.S. at 262–63, 109 S.Ct. 1038; *Bacon,* 225 F.3d at 476. And a state procedural rule is only independent "if it does not depend on a federal constitutional rule." *Bacon,* 225 F.3d at 476 (cita-

tion and internal quotations omitted). Significantly, the Supreme Court has held that a federal habeas court must presume that a state court dismissal is not adequate and independent if a decision "fairly appears to rest primarily on federal law, or to be interwoven with the federal law," unless the decision "clearly and expressly rel[ies] on an independent and adequate state ground." *Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Michigan v. Long,* 463 U.S. 1032, 1040–41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)).

These principles, applied here, compel the conclusion that Virginia's *Peyton* rule is not an adequate and independent state procedural rule because Virginia's application of the *Peyton* rule fairly appears "to be interwoven with . . . federal law,"[9] that is, the guilty plea rule articulated in *Tollett.* Like the *Tollett* rule, Virginia's *Peyton* rule bars review of claims arising prior to a guilty plea. *See Beaver v. Commonwealth,* 232 Va. 521, 352 S.E.2d 342, 345 (1987) (relying on *Tollett,* 411 U.S. at 267, 93 S.Ct. 1602). And, similar to the *Blackledge/Menna* exception to the *Tollett* rule, Virginia's *Peyton* rule provides an exception to the guilty plea bar for review of "jurisdictional claims."[10] *See Peyton,* 169 S.E.2d at 571. Indeed, the Supreme Court of Virginia has often relied on *Tollett* when applying the *Peyton* rule to dismiss non-

Mar.12, 2002), *aff'd,* 37 Fed.Appx. 667 (4th Cir.2002) (unpublished disposition). In reaching this conclusion, the court held that § 19.2–298.01(F) is an adequate and independent state procedural rule. *Id.*

Yet, even assuming that § 19.2–298.01(F) is an adequate and independent state procedural rule, it is the better course to dismiss claim (E) for lack of jurisdiction because a claim dismissed by the invocation of § 19.2–298.01(F) has not been procedurally *defaulted.* In other words, Slavek did not fail to press his sentencing guidelines claim in state court, but rather the claim was rejected on jurisdictional grounds. To be sure, a state

could not avoid federal habeas review of constitutional claims merely by refusing to grant jurisdiction to certain constitutional claims on direct appeal or state collateral attack. Thus, the crucial reason this claim cannot be reviewed here is that it implicates no federal right, and so does not give rise to federal habeas jurisdiction.

**9.** *Coleman,* 501 U.S. at 735, 111 S.Ct. 2546.

**10.** As noted, many courts have read the *Blackledge/Menna* exception to mean that a valid guilty plea may still be challenged on the basis of a "jurisdictional" claim. *See supra* note 6.

jurisdictional constitutional claims.[11] Thus, because Virginia's application of the *Peyton* rule is interwoven with the federal rule stated in *Tollett*, it is appropriate to presume the rule is not an independent and adequate state ground. *See Coleman*, 501 U.S. at 735, 111 S.Ct. 2546. In the absence, therefore, of a statement that the Supreme Court of Virginia "clearly and expressly relied"[12] on an adequate and independent state ground in the application of the *Peyton* rule, the claim does not escape federal habeas review on the basis of procedural default.

The next step in the analysis is to determine the appropriate standard of review. A federal habeas court must review a state court's decision under the deferential standard set forth in § 2254(d) with respect to "any claim that was adjudicated on the merits in state court proceedings." 28 U.S.C. § 2254(d). If the claim was not "adjudicated on the merits," the matter is reviewed de novo. *See Weeks*, 176 F.3d at 258. In this case, the Supreme Court of Virginia squarely considered the application of the *Peyton/Tollett* rule and concluded that Slavek's guilty plea barred review of claims (A) and (D).[13] Therefore, because the Supreme Court of Virginia has already adjudicated this claim on the merits, § 2254(d)'s deferential standard of review must be applied.[14] Thus, it is necessary to determine whether the Supreme Court of Virginia's decision that Slavek's guilty plea barred review of claims (A) and (D) was "contrary to," or "an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." The § 2254(d) inquiry is addressed separately with respect to each claim.

### A. Claim (A)

 Slavek argues that claim (A), a facial challenge to the constitutionality of the statute under which he was convicted,

---

**11.** *See, e.g., Miles v. Sheriff of the Va. Beach City Jail*, 266 Va. 110, 581 S.E.2d 191, 192 (2003) (citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973)); *Savino v. Commonwealth*, 239 Va. 534, 391 S.E.2d 276, 278 (1990) (same); *Stout v. Commonwealth*, 237 Va. 126, 376 S.E.2d 288, 291 (1989) (same); *Beaver v. Commonwealth*, 232 Va. 521, 352 S.E.2d 342, 345 (1987) (same).

**12.** *Coleman*, 501 U.S. at 735, 111 S.Ct. 2546.

**13.** Although the Supreme Court of Virginia did not explicitly cite the *Tollett* rule, instead citing only state law in resolving this claim, it is well-settled that "a state court may adjudicate a claim 'on the merits' without relying on or citing relevant Supreme Court precedents." *Hill v. Ozmint*, 339 F.3d 187, 196 (4th Cir.2003) (holding that state court decision entitled to deference even though state court cited only state law rather than relevant Supreme Court authority) (citing *Early v. Packer*, 537 U.S. 3, 123 S.Ct. 362, 154 L.Ed.2d 263 (2002) (applying § 2254(d) deferential review to claim dismissed by state court without citing controlling Supreme Court precedent)).

**14.** By construing the term "claim" in § 2254(d) to mean only substantive merits claims, it could be argued that § 2254(d)'s deferential standard of review applies only when a state court adjudicates the substantive merits of a defendant's underlying claim, and not where, as here, the state court rejects a claim by application of a constitutional procedural rule. *See* 28 U.S.C. § 2254(d) (an application for writ of habeas corpus is reviewed under § 2254(d)'s deferential standard "with respect to any *claim* that was adjudicated on the merits in state court") (emphasis added). Yet, Congress did not explicitly limit § 2254(d)'s deferential review of state court rulings on matters of federal law to substantive merits claims, but rather required deferential review of all claims "adjudicated on the merits." In this case, it is plain that the Supreme Court of Virginia considered and decided the merits of whether the *Peyton/Tollett* rule barred Slavek's claims and thus this merits decision is reviewed here pursuant to § 2254(d)(1)'s deferential standard.

is not barred by entry of his guilty plea because he is raising a jurisdictional challenge to his conviction.[15] As discussed, it is not clear that the *Blackledge/Menna* exception is properly described as jurisdictional,[16] but, in any event, it is clear that Slavek intends to invoke this exception for constitutional claims that "implicate[ ] the right not to be haled into court at all upon the felony charge." *Blackledge*, 417 U.S. at 29, 94 S.Ct. 2098. The Supreme Court of Virginia applying *Peyton/Tollett* disagreed. The Virginia court's ruling was not "contrary" to United States Supreme Court precedent because the Court has not explicitly decided whether a facial challenge to a statute implicates the right not to be haled into court. At issue, therefore,

is whether the Supreme Court of Virginia's conclusion that Slavek's guilty plea barred his facial constitutional challenge to the statute underlying his conviction was an "unreasonable application" of United States Supreme Court precedent under § 2254(d).

While the Supreme Court has not explicitly decided whether a facial challenge to a statute implicates the right not to be haled into court at all, a number of lower courts have addressed the issue and reached differing results.[17] The great weight of authority, including Fourth Circuit authority, has concluded that a guilty plea does not foreclose the right of an accused to bring a facial constitutional attack on the statute underlying his conviction.[18] This sensible

---

15. Slavek does not explicitly state whether his constitutional challenge to his conviction pursuant to Virginia Code § 18.2–374.1 is a facial or an as-applied challenge. *See Frye v. City of Kannapolis*, 109 F.Supp.2d 436, 439 (M.D.N.C.1999) (discussing distinction between facial and as-applied challenge to a statute). Yet, no court has applied the *Blackledge/Menna* exception to a claim that a statute is unconstitutional as applied and, as many have stated the rule, it applies only to facial challenges. *See, e.g., United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir.2000); *United States v. Cortez*, 973 F.2d 764, 767 (9th Cir.1992). Thus, the analysis proceeds on the assumption that Slavek intends to bring not only an as-applied challenge to the statute, but also a facial challenge, arguing that its extension to computer-generated images is overbroad and thus violates the First Amendment. *See N.Y. State Club Ass'n v. City of New York*, 487 U.S. 1, 11, 108 S.Ct. 2225, 101 L.Ed.2d 1 (1988) (discussing First Amendment facial challenges).

16. *See supra* note 6.

17. Although circuit court authority, sensibly, may be " 'persuasive authority' for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law," the text of § 2254(d)(1) makes clear that "only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied." *Clark*

*v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003) (citing *Williams*, 529 U.S. at 412, 120 S.Ct. 1495 ("The ... statutory language makes clear ... that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.")).

18. *See United States v. Berry*, 27 Fed.Appx. 190, 192 n. 1 (4th Cir.2001) (unpublished disposition) (guilty plea did not bar constitutional challenge to statute underlying conviction) (citing *Menna*, 423 U.S. at 62–63 n. 2, 96 S.Ct. 241); *United States v. Cordero*, 1998 WL 852913, at *3 n. 8, 1998 U.S.App. LEXIS 31039, at *10 n. 8 (4th Cir.1998) ("[A] guilty plea does not prevent an attack on the judgment based on alleged constitutionality of the underlying statute."); *United States v. Bluso*, 519 F.2d 473 (4th Cir.1975) (permitting defendant to withdraw guilty plea founded upon facially unconstitutional law because challenge went to very power of sovereign to prosecute) (citing *Blackledge*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628); *United States v. Palacios–Casquete*, 55 F.3d 557, 561 (11th Cir.1995); *United States v. Morgan*, 230 F.3d 1067, 1071 (8th Cir.2000) (facial, but not as applied, challenge to constitutionality of statute is barred by guilty plea); *United States v. Broncheau*, 597 F.2d 1260, 1262 n. 1 (9th Cir.1979) (claims that "the applicable statute is unconstitutional or that the indictment fails to state an offense" are jurisdictional claims); *Mercado v. Rockefeller*, 502 F.2d 666, 672 (2d

conclusion is a reasonable application of Supreme Court precedent because such a challenge "goes to the very power of the State to bring the defendant into court to answer the charge against him." *Blackledge*, 417 U.S. at 29, 94 S.Ct. 2098. Moreover, this conclusion is consistent with the *Tollett* rule rationale, as articulated in *Menna*, that a guilty plea forecloses those challenges that are "render[ed] irrelevant" by a guilty plea's reliable establishment of factual guilt. *Menna*, 423 U.S. at 63 n. 2, 96 S.Ct. 241. A facial challenge to the underlying constitutionality of a statute is not one that is rendered irrelevant by a reliable establishment of factual guilt, but rather one that "stands in the way" of a conviction even if factual guilt has been established. *Id.*

Interestingly, the D.C. Circuit has reached a different, but arguably logical, conclusion in this regard. In *United States v. Drew*, 200 F.3d 871, 876 (D.C.Cir. 2000), the D.C. Circuit held that a facial constitutional challenge to a statute does not fall within the *Blackledge/Menna* exception because it does not raise a "jurisdictional" challenge to the guilty plea.[19] In reaching this conclusion, the D.C. Circuit relied in part on its decision in *United States v. Baucum*, 80 F.3d 539 (D.C.Cir. 1996). In *Baucum*, a defendant convicted after a full trial argued on *direct appeal* that he could raise a constitutional challenge to the statute underlying his conviction at any time, despite his failure to raise

the claim at trial, because a challenge to the constitutionality of a statute is a jurisdictional one and so cannot be forfeited or waived. The D.C. Circuit rejected the argument that a challenge to the constitutionality of a statute raises a jurisdictional issue, noting that "[v]irtually all circuits in recent years have addressed constitutional challenges to criminal statutes [raised for the first time on appeal] and have either refused to address them because the defendants neglected to raise them below, or decided to reach them only upon determining that the lower court's failure to address them constituted 'plain error.'" *Baucum*, 80 F.3d at 541 (collecting cases); *see also United States v. Feliciano*, 223 F.3d 102, 125 (2d Cir.2000). In *Drew*, the D.C. Circuit relied on its holding in *Baucum* to conclude that just as a defendant who fails to raise a constitutional challenge to his conviction at trial forfeits his right to raise the claim on appeal, a defendant who enters a guilty plea cannot later challenge the constitutionality of the statute underlying that plea. The logic of the D.C. Circuit's view is straightforward; it would be odd indeed to conclude, as "virtually all circuits" have, that a constitutional challenge to a statute could be forfeited by failure to raise the defense at trial or on direct appeal, yet to conclude that the same claim may be preserved and raised as a challenge to a guilty plea, despite a defendant's failure to raise this defense at the time of the plea.[20]

Cir.1974) (a guilty plea does not bar challenges to the constitutionality of the statute underlying conviction); 1A Charles Alan Wright, *Federal Practice and Procedure: Criminal* § 175 (3d ed.2004) (collecting cases).

19. The D.C. Circuit concluded that a guilty plea "waives" a defendant's right to bring a facial constitutional challenge to the statute underlying his conviction, but as Judge Edwards noted in concurrence, it appears that the majority meant that a defendant "forfeits" these claims by entry of a guilty plea. As the

Supreme Court has held, "waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *Drew*, 200 F.3d at 882 (Edward, J., concurring) (quoting *United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

20. Although the *Drew* majority's conclusion is not unreasonable, it may be incorrect. As Judge Edwards concluded in his *Drew* concurrence, it appears that the majority conflat-

In the end, however, it is unnecessary to decide here whether such a challenge is or is not foreclosed by a guilty plea; rather, it is only necessary to decide whether the Supreme Court of Virginia's decision that Slavek's guilty plea barred his facial challenge to Virginia's child pornography law was an unreasonable application of Supreme Court law. Given this lack of uniformity in the circuits, and the reasoned conclusion of the D.C. Circuit, it cannot be said that the Supreme Court of Virginia's decision was an "unreasonable application" of Supreme Court precedent.

■ Nonetheless, even assuming, *arguendo*, that the Supreme Court of Virginia's decision that Slavek's guilty plea barred his constitutional challenge to Virginia's child pornography statute was an unreasonable application of Supreme Court precedent, Slavek's claim still fails on the merits. Slavek argues that Virginia Code § 18.2–374.1(B)(3) violates the First Amendment, presumably on overbreadth grounds, because it criminalizes the "computer-generated reproduction" of child pornography. To make this argument, Slavek relies on the Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), which invalidated on First Amendment grounds a federal ban on "virtual child pornography."[21] Slavek's argu-

---

ed two separate and distinct inquiries, both of which must be conducted on a guilty plea. *See Drew*, 200 F.3d at 880 (Edwards, J., concurring). The first inquiry is whether a defendant, by failing to raise a claim before the trial court has *forfeited* the claim. *Id.* at 881. For example, in the context of a § 2254 petition, a claim may be forfeited, or procedurally defaulted, under state law for failure to raise the claim at the trial court level. *See, e.g.*, Rule 5:25, Va. Sup.Ct. (any objection not raised in trial court may not be raised on appeal). A state court, applying its rules for procedural default, may conclude that a defendant's failure to raise a facial constitutional challenge at the time of his guilty plea bars review of this claim in the same way that it would bar such a claim not raised at trial. On federal habeas review, because the forfeited claim was rejected as procedurally defaulted, the claim may be reviewed only if the defendant can demonstrate either cause and prejudice or that a miscarriage of justice would result from the lack of such review. *See Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. A wholly separate inquiry follows with respect to whether the challenge is barred by entry of the guilty plea. *See Drew*, 200 F.3d at 881. This second inquiry involves the determination of whether the defendant's guilty plea, by reliably establishing factual guilt, *forecloses* inquiry into the defendant's claim. And at this step in the analysis, the *Blackledge/Menna* exception may apply to permit consideration of claims, if not already forfeited (*i.e.* procedurally defaulted), that implicate the ability of the government to hale the defendant into court, including a facial challenge to the constitutionality of a statute.

This rationale resolves the seeming inconsistency identified by the *Drew* majority. Just as a defendant convicted after a full trial may forfeit under state law a constitutional challenge to the statute underlying his conviction by failure to raise the claim, in the same way, a defendant may also forfeit such a challenge by failure to raise it at the time of his guilty plea. Yet, if the claim is not procedurally defaulted under state law, or if procedurally defaulted and the defendant can demonstrate cause and prejudice for failure to raise it, the claim may be reviewable on federal habeas under the *Blackledge/Menna* exception because it implicates the power of the government to hale the defendant into court. This conclusion would permit a defendant who fails to raise a facial constitutional challenge to the statute of conviction, either during trial or a guilty plea, to seek habeas review of that constitutional claim if he can demonstrate the requisite cause and prejudice. Significantly, the *Drew* majority's conclusion that a guilty plea "waives" all facial challenges to the constitutionality of a statute would not permit a defendant to bring this claim on federal habeas, even if he could demonstrate cause and prejudice.

**21.** In *Ashcroft*, the Supreme Court invalidated on First Amendment overbreadth grounds 18 U.S.C. § 2256(8)(B) of the Child Pornography

ment, however, ignores the constitutionally valid distinction between sexually explicit images of *real* children, whether reproduced by a computer or other means, and sexually explicit images of "virtual" or non-existent children. *Ashcroft* does not hold, as Slavek contends, that the First Amendment protects all "computer generated images," no matter the content.[22] Quite to the contrary, in *Ashcroft,* the Supreme Court held that the First Amendment protects the *content* of visual depictions that *appear* to depict minors engaged in sexually explicit activity, but were produced without using any real children, whether computer-generated or not.[23] In contrast, § 18.2–374.1 criminalizes the reproduction, by any means including computer-generated reproduction, of any sexually explicit visual material that utilizes or has as its subject, actual minors under the age of eighteen. And the Supreme Court has made clear that such child pornography depicting actual children is not protected speech. *See New York v. Ferber,* 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (upholding ban on pornography depicting actual minors). Thus, because Virginia's law does not criminalize the reproduction of virtual child pornography, it is not unconstitutionally overbroad, and Slavek's constitutional challenge to § 18.2–374.1 fails.

## B. Claim (D)

In claim (D), Slavek argues that his conviction must be set aside because his indictment failed to state a punishable offense. The Supreme Court of Virginia, applying the *Peyton/Tollett* rule, held that review of this claim was barred by defendant's guilty plea. The United States Supreme Court has not decided whether an indictment's failure to state an offense falls within the *Blackledge/Menna* exception to the general rule that a voluntary and intelligent guilty plea forecloses federal habeas review of antecedent constitutional claims. At issue, therefore, is whether the Supreme Court of Virginia's ruling that claim (D) was barred by Slavek's guilty plea was an unreasonable application of United States Supreme Court precedent. It was not.

Slavek pled guilty to a crime under Virginia's child pornography law, Virginia Code § 18.2–374(B)(3), which reliably established his factual guilt under that statute, and thus "render[ed] irrelevant" any infirmities in his indictment. *Menna,* 423 U.S. at 63 n. 2, 96 S.Ct. 241 ("A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established."). While many lower courts have held that the failure to state an offense is a "jurisdictional" claim and thus not foreclosed by entry of a guilty plea,[24]

Prevention Act of 1996, which prohibited "any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture" that "is, *or appears to be,* of a minor engaging in sexually explicit conduct." (emphasis added). *Ashcroft,* 535 U.S. at 241, 122 S.Ct. 1389.

22. According to Slavek, "[v]irtual reality is basically defined as computer generation of images." Thus, he concludes that " 'computer generated reproduction' of images is also virtual reality and a protected form of speech."

23. *See Ashcroft,* 535 U.S. at 241, 122 S.Ct. 1389 ("The prohibition on 'any visual depiction' does not depend at all on how the image is produced. The section captures a range of depictions, sometimes called 'virtual child pornography,' which include computer-generated images, as well as images produced by more traditional means.").

24. *See, e.g., United States v. White,* 258 F.3d 374, 379–80 (5th Cir.2001) ("[E]ntry of a guilty plea does not act as a waiver of jurisdictional defects such as an indictment's failure to charge an offense ....") (citation omit-

these decisions were all authored prior to the Supreme Court's decision in *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), which unequivocally held that the failure to state an offense in an indictment is *not* a jurisdictional defect. *Id.* at 630, 122 S.Ct. 1781. To this extent, the holdings of these earlier lower court decisions have been superseded. And the rationale underlying the *Tollett* rule plainly supports the conclusion that a failure to state an offense falls within the class of claims that are foreclosed by entry of a voluntary and intelligent guilty plea. Thus, the Supreme Court of Virginia's conclusion that the *Tollett* rule bars claim (D) was not an unreasonable application of Supreme Court law.

■ Yet, even assuming, *arguendo,* that the Supreme Court of Virginia's application of the *Tollett* rule was unreasonable, Slavek's claim nonetheless fails on the merits. Slavek claims that his conviction must be set aside because his indictment failed to state an offense. Specifically, he argues that his indictment did not specify which subsections of Virginia Code § 18.2–374.1 he violated. Yet, it is not necessary for the indictment to identify a specific section of a statute so long as it is clear from the indictment which offense is charged.[25] In this case, the indictment plainly stated a claim pursuant to Virginia Code § 18.2–374(B)(3) as it quoted the language of the statute word for word, alleged all elements of the offense, and explicitly referenced the statute section. Thus, claim (D) also fails.

## V.

In claims (F1) through (F9), Slavek raises a number of ineffective assistance of counsel claims. Respondent argues that Slavek's ineffective assistance of counsel claims were all procedurally defaulted by application of Virginia's rule stated in *Anderson v. Warden,* 222 Va. 511, 281 S.E.2d 885 (1981). In *Anderson,* the Supreme Court of Virginia held that the truth and accuracy of representations made by an accused with respect to the adequacy of his court-appointed counsel and the voluntariness of his guilty plea should be considered conclusively established, unless petitioner offers a valid reason why he should be permitted to controvert his prior statement. *Id.* at 888. In other words, by entry of a guilty plea, a defendant in Virginia forfeits all ineffective assistance of counsel claims absent a valid reason to raise the claim. The Fourth Circuit, however, has expressed some uncertainty about the true scope of the *Anderson* rule and doubt that the *Anderson* rule is an adequate and independent ground for procedural default.[26]

ted); *Sodders v. Parratt,* 693 F.2d 811, 812 (8th Cir.1982) (rejecting challenge to sufficiency of indictment for failure to allege all facts required to support elements of crime, and noting that the "information cannot be challenged unless it fails to charge a crime"); *Broncheau,* 597 F.2d at 1262 n. 1 (claims that "the indictment fails to state an offense" are jurisdictional claims); *United States v. Jones,* 916 F.Supp. 558, 564 (E.D.Va.1996) (noting that among objections and defenses not waived by valid guilty plea is failure to state an offense).

**25.** *See Sodders,* 693 F.2d at 812 (rejecting as without merit the argument that information

was jurisdictionally defective when information identified state first-degree murder statute but failed to refer to state attempt statute because text of information clearly described facts constituting crime of criminal attempt).

**26.** *See Burket,* 208 F.3d 172, 184 (4th Cir. 2000) (declining to apply *Anderson* procedural bar to conflict of interest claim); *Royal v. Taylor,* 188 F.3d 239 (4th Cir.), *cert. denied,* 528 U.S. 1000, 120 S.Ct. 465, 145 L.Ed.2d 379 (1999) (declining to rely on *Anderson* procedural bar and proceeding to substantive analysis of ineffective assistance claims). In *Royal,* the Fourth Circuit opined that if the scope of the *Anderson* rule were limited to bar

Thus, the Fourth Circuit has typically proceeded to a merits analysis of ineffective assistance claims found to be procedurally defaulted under the *Anderson* rule.[27] And so, the Supreme Court of Virginia's reliance on the *Anderson* rule to dismiss Slavek's ineffective assistance claims does not warrant a finding of procedural default here.

 In the context of a guilty plea, before proceeding to the merits of a claim, the third threshold inquiry normally must be addressed, *i.e.,* whether a claim has been foreclosed by the defendant's guilty plea. Yet significantly, while guilty pleas may limit federal habeas review of certain claims, such pleas do not preclude review of those claims that implicate the voluntary nature of the plea. *Tollett,* 411 U.S. at 266–67, 93 S.Ct. 1602; *Fields,* 956 F.2d at 1294. Further, because "the voluntariness of a guilty plea may depend, to a degree, on the effectiveness of the assistance rendered by counsel,"[28] ineffective assistance of counsel claims are not automatically barred from federal habeas review by entry of a guilty plea. Rather, it is necessary to proceed to the analysis of the ineffective assistance claim to determine whether the counsel's ineffective assistance influenced the voluntariness of the plea, as provided for in a modified version of the standard *Strickland*[29] analysis.

 When considering an ineffective assistance of counsel claim in the context of a guilty plea, the court must apply a modified version of the two-part "performance and prejudice" test articulated in *Strickland. See Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Burket,* 208 F.3d at 194. Specifically, the modified two-step analysis requires petitioner (i) to "demonstrate that his trial counsel's performance fell below an objective standard of reasonableness," and (ii) to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burket,* 208 F.3d at 194 (quoting *Hill,* 474 U.S. at 59, 106 S.Ct. 366); *see also Fields,* 956 F.2d at 1296–97. It is the defendant's burden to prove *Strickland* prejudice. *Fields,* 956 F.2d at 1297 (citing *Hutchins v. Garrison,* 724 F.2d 1425, 1430–31 (4th Cir.1983)). And significantly, if the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong. *Id.* (citing *Strickland,* 466 U.S. at 697, 104 S.Ct. 2052). Thus, the central inquiry is whether, but for his counsel's alleged errors, a reasonable defendant would not have pled guilty and insisted on going to trial. *Hill,* 474 U.S. at 59, 106 S.Ct. 366.

A review of the record makes clear that all of Slavek's claims fail to meet the *Strickland/Hill* prejudice standard. With

---

only those claims pertaining to counsel's conduct up to and including the court's acceptance of his guilty plea, the rule might constitute a valid procedural bar. *See Royal,* 188 F.3d at 247–48 (citing *Dubois v. Greene,* 149 F.3d 1168, 1998 WL 276282, at *3–5 (4th Cir.1998) (unpublished disposition)).

27. *See Burket,* 208 F.3d at 184; *Royal,* 188 F.3d at 247–48.

28. *Fields,* 956 F.2d at 1296 n. 16 (citing *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)) ("Where ... a defendant

is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' "). As the Fourth Circuit has noted, "the consensual character of a plea is necessarily implicated where, as here, a defendant alleges ineffective assistance of counsel in connection with a plea." *Id.*

29. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

respect to the errors alleged in claims (F1) through (F7) Slavek does not argue, nor could he do so persuasively, that, but for those errors, he would not have pled guilty and would have instead proceeded to trial. Nor does he argue that he would have entered a different guilty plea but for the error. Thus, it is clear that Slavek's first seven ineffectiveness claims fail on the prejudice prong of the two-part *Strickland/Hill* analysis. These claims include the following:

1. Counsel (i) failed to argue that Virginia Code § 18.2–374.1 unconstitutionally restricts protected speech, (ii) failed to argue that Slavek did not exhibit any profit motive, which Slavek alleges Virginia Code § 18.2–374.1 is intended to target, and (iii) did not argue that the photos were not pictures of Virginia citizens or real people;[30]

2. Counsel (i) failed to prepare for the July 17, 2000 double jeopardy hearing because counsel was allegedly unaware of the pertinent facts from the General District Court proceedings of November 15, 1999, and (ii) at the hearing, referred to Slavek by the prosecutor's name;

3. Counsel failed to have Slavek present at the entry of the trial court's continuance order dated July 27, 2000;

4. Counsel failed to object to the trial court's continuance order of July 27, 2000;

5. Counsel failed to preserve the attorney-client privilege by discussing the facts of the plea agreement in the presence of nine other inmates awaiting trial, instead of securing a private interview room;

6. Counsel was prejudiced toward Slavek as evidenced by his description of evidence as "disgusting" during the July 17, 2000 hearing and by counsel's statement in a letter to Slavek of the same date that he must cooperate with the court and the prosecutor;[31] and

7. Counsel did not inform Slavek of a side bar discussion during the July 17, 2000 hearing.

These alleged errors simply are irrelevant to Slavek's decision to enter a guilty plea. For example, even had Slavek's counsel argued, unsuccessfully, that § 18.2–374.1 violates the First Amendment, referred to Slavek by the proper name during the July 17, 2000 hearing, or included him in a sidebar discussion, there is no reason to believe that a reasonable defendant would have made a different decision about whether to plead guilty. Thus, because Slavek was not prejudiced by these alleged errors, it is unnecessary to consider whether they fell below an objective standard of reasonableness to dismiss the claims on the merits.

---

30. It is also worth noting that these claims plainly fail to meet *Strickland/Hill*'s performance standard. Counsel correctly did not argue that Virginia Code § 18.2–374.1 unconstitutionally restricts speech, because, as already discussed, Slavek's argument in this regard is meritless. *See supra* Section IV. Further, to sustain a conviction, § 18.2–374.1 does not require a defendant to be motivated by profit or that the forbidden images depict a Virginia citizen. And finally, Slavek voluntarily admitted in his guilty plea that the images at issue were of children between the ages of ten and twelve.

31. During the July 17, 2000 double jeopardy hearing, counsel stated, "[A]t the preliminary hearing and trial on the misdemeanor the Commonwealth introduced bags, grocery bags, full of photographs of young children engaged in pornographic scenes, albeit quite disgusting, but that was the evidence in the case." (7/17/00 Tr. at 6–7). In counsel's letter to Slavek, he told Slavek that he needed to cooperate regarding trial dates after the case was continued.

 Claim (F8) differs slightly from Slavek's first seven ineffectiveness claims. In that claim, Slavek alleges that, but for counsel's suggestion that he reject a plea bargain of five years and accept an agreement for seventy years, Slavek would have pled guilty to a lesser sentence. Yet, it is well-settled that it is insufficient to state a claim for prejudice under the *Strickland/Hill* standard to argue that, with more effective assistance, defendant would have accepted a better plea bargain. *Fields*, 956 F.2d at 1297; *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir.1986) (holding that even if effective counsel would have negotiated a better plea bargain, it is insufficient to establish prejudice under *Hill*). Accordingly, claim (F8) also fails to state a claim for habeas relief.

 Finally, in claim (F9), Slavek alleges that counsel unduly influenced his decision to accept his guilty plea because counsel said he could not successfully defend Slavek because he had already pleaded guilty to a misdemeanor charge for child pornography possession in the General District Court. Thus, Slavek concludes, his guilty plea was not voluntary, but was entered under duress.

It is not clear from the record whether Slavek alleges his counsel simply encouraged Slavek to plead guilty, forecasting an unfavorable result at trial,[32] or whether his counsel suggested it would be difficult for him to defend Slavek because his misdemeanor conviction would be admissible at trial. Assuming the latter, counsel's performance may have fallen below an objective standard of reasonableness because it is likely that Slavek's misdemeanor conviction would not have been admitted at trial.[33] Yet, while Slavek might be able to establish that his counsel's assistance failed the *Strickland/Hill* performance standard, he still cannot successfully overcome the second hurdle, *i.e.*, that he was prejudiced thereby. In other words, Slavek has failed to establish that this error is one such that, but for counsel's error, a reasonable defendant would have insisted on proceeding to trial. *Burket*, 208 F.3d at 191 (citing *Hill*, 474 U.S. at 59, 106 S.Ct. 366). The record reflects that the Commonwealth's evidence of Slavek's guilt was overwhelming, suggesting that Slavek's conviction was a virtual certainty. Officer Miller videotaped Slavek in the Kirn Memorial Library while he was viewing and printing images of child pornography from the internet. Thereafter, immediately upon exiting the library, Slavek was arrested and the four photographs of child pornography he had printed in the library were found on his person. Even if Slavek's counsel had correctly informed him that his misdemeanor conviction might not be admissible, it is likely nonetheless that a jury would have convicted Slavek of reproducing these images and that he would have received a sentence at least as severe

---

32. Of course, if Slavek's counsel merely warned him that his defense was very unlikely to be successful at trial, Slavek's claim would plainly fail to establish ineffective assistance of counsel. *See United States v. Owen*, 1998 WL 10745, at *2, 1998 U.S.App. LEXIS 466, at *6 (9th Cir.1998) (unpublished disposition) (finding no ineffectiveness in attorney's unsuccessful attempt to persuade defendant to plead guilty when government had strong evidence of defendant's guilt); *United States v. Hatchett*, 1995 WL 620971, at *4, 1995 U.S.App. LEXIS 29775, at *10–11 (7th Cir. 1995) (finding that encouragement to plead guilty was objectively reasonable given strength of government's evidence).

33. *See* Rule 609(a)(1), Fed.R.Evid. (misdemeanor conviction not admissible to impeach testimony of accused unless crime involved dishonesty or false statement); Rule 404(b), Fed.R.Evid. (evidence of other crimes not admissible to prove character of a person in order to show action in conformity therewith).

as that included in his plea bargain. *Id.* Thus, Slavek has failed to demonstrate that a reasonable defendant, properly counseled, would not have pled guilty and would have insisted on going to trial. *Hill,* 474 U.S. at 59, 106 S.Ct. 366.

In sum, for all the foregoing reasons, Slavek's ineffective assistance of counsel claims fail to support the reversal of his guilty plea and must be dismissed.

## VI.

Finally, Slavek also raises two claims that the Virginia courts addressed on the merits: claims (B) and (C).[34] Despite Slavek's entry of a guilty plea, both of these claims are reviewable here because Slavek expressly reserved his right to collaterally attack these claims by entering a conditional guilty plea that preserved these issues for appeal. *See Lefkowitz,* 420 U.S. at 293, 95 S.Ct. 886 (holding that federal habeas review is available "when state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues").[35] Thus, these claims are reviewed here for whether the state court's merits adjudications of

these claims were "contrary to" or based on an "unreasonable application of clearly established federal law," or premised on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding," as required by § 2254(d).

## A. Claim (B)

In claim (B), Slavek alleges that his statutory and constitutional rights to a speedy trial were violated. As an initial matter, Slavek's challenge to the Commonwealth's application of its own speedy trial act, a state law claim, is not reviewable here on federal habeas review.[36] *See* 28 U.S.C. § 2254(a) (a habeas petition may only raise a "violation of the Constitution or laws or treaties of the United States."). Thus, the only issue presented here is whether the delay between Slavek's arrest and his trial violated Slavek's Sixth Amendment right to a speedy trial.

The Sixth Amendment guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. And it is well-settled that in determining

---

**34.** Claims (B) and (C) were raised on direct appeal and denied by the Court of Appeals of Virginia. *Slavek v. Commonwealth,* R. No. 2452–00–1 (Va.Ct.App. Mar. 12, 2001). Subsequently, the Supreme Court of Virginia dismissed both claims without explanation pursuant to *Henry v. Warden,* 265 Va. 246, 576 S.E.2d 495, 496 (2003) (holding that non-jurisdictional issues raised and decided either in trial or on direct appeal will not be considered in a habeas proceeding). *Slavek v. Commonwealth,* R. No. 012463 (Va. Mar. 14, 2002). Because the Court of Appeals' decision was the last reasoned opinion on these claims, with respect to these two claims, it is that decision which is reviewed here. *Ylst v. Nunnemaker,* 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

**35.** Also, Slavek did not forfeit claim (C) by entry of his guilty plea because it is a double jeopardy claim raised on the face of the in-

dictment. *Compare Menna,* 423 U.S. 61, 62–63, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) (holding double jeopardy claim to be jurisdictional) *with United States v. Broce,* 488 U.S. 563, 576, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (holding double jeopardy claim non-jurisdictional where proof of claim required factual evidence beyond face of indictments).

**36.** Virginia Code § 19.2–243 states in pertinent part as follows:

Where a general district court has found that there is probable cause to believe that the accused has committed a felony, the accused, if he is held continuously in custody thereafter, shall be forever discharged from prosecution for such offense if no trial is commenced in the circuit court within five months from the date such probable cause was found by the district court . . . .

whether a Sixth Amendment speedy trial violation has occurred, a court must balance four factors: (i) whether the delay was uncommonly long; (ii) whether the criminal defendant or the government is more to blame for that delay; (iii) whether, in due course, the defendant asserted his right to a speedy trial; and (iv) whether prejudice resulted to the defendant from the delay. *Doggett v. United States,* 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (applying four-factor test adopted in *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Significantly, the first factor also acts as a threshold requirement. *Doggett,* 505 U.S. at 651–62, 112 S.Ct. 2686. Thus, if the delay is not "presumptively prejudicial," the inquiry comes to an end. *Id.; Barker,* 407 U.S. at 530, 92 S.Ct. 2182 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."). And the Supreme Court has suggested that a delay over one year is presumptively prejudicial. *Doggett,* 505 U.S. at 652 n. 1, 112 S.Ct. 2686 (noting that "lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year").

These principles, applied here, compel the conclusion that the Virginia court's rejection of Slavek's speedy trial claim was not an unreasonable application of federal law. The record reflects that Slavek was indicted on March 1, 2000, and arrested and jailed on March 4, 2000. A hearing date was initially set for June 30, 2000, but continued to July 17, 2000 to accommodate the Commonwealth's attorney who was in a carryover jury trial. Significantly, during the July 17, 2000 hearing, Slavek's counsel requested a two-month continuance of the trial date for time to brief an issue. *Commonwealth v. Slavek,* CR00–1143, Criminal Continuance Order (Va.Cir.

Ct. July 17, 2000); (7/17/00 Tr. at 20–25). The Commonwealth agreed to the continuance and the trial date was continued to September 18, 2000. Thus, the delay between Slavek's indictment and his trial date was a total of 193 days, or little more than six months, at least two months of which were specifically requested by Slavek. Applying the rough one-year guideline mentioned by the Supreme Court in *Doggett,* such a delay does not even approach the length of time that would warrant a finding of presumptive prejudice.

Accordingly, because it is clear that the delay suffered by Slavek was not presumptively prejudicial, it is unnecessary to consider the three remaining factors in the *Barker* analysis. Moreover, it is also clear that the Virginia court did not unreasonably apply clearly established Supreme Court law when it rejected Slavek's Sixth Amendment speedy trial claim.

### B. Claim (C)

 Finally, in claim (C), Slavek alleges that his rights under the Double Jeopardy Clause were violated because (i) he was charged with four counts of reproduction of child pornography in this case but had already been convicted of misdemeanor possession of child pornography in the General District Court, a lesser-included offense of reproduction, and (ii) his four convictions for reproduction of child pornography constituted multiple convictions for a single offense.

With respect to Slavek's first argument, the Court of Appeals of Virginia held that the misdemeanor crimes of possession were not lesser included offenses of the reproduction indictments because Slavek was convicted of felony reproduction for child pornography *different* from that for which he was convicted of misdemeanor possession. Specifically, Slavek was con-

victed in the General District Court for the possession of "four plastic grocery bags, full of child pornography" that were found in Slavek's room at the Norfolk Union Mission. (7/17/00 Tr. at 8). Thus, the possession convictions were not implicated in the subsequent reproduction indictments because these indictments arose from the reproduction of four pictures printed from the internet at the Kirn Memorial Library and found on Slavek's person as he exited the library. (9/18/00 Tr. at 8). It is clear from the record, therefore, that Slavek's first double jeopardy claim is meritless and that the Court of Appeals of Virginia's decision did not unreasonably apply clearly established federal law nor was it based on an unreasonable determination of the facts in light of the evidence presented.

█ Slavek also argues that he was charged with multiple counts for a single offense of reproducing child pornography. This claim also fails. The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The Supreme Court has recognized three separate guarantees embodied in the Double Jeopardy Clause: it protects (i) against a second prosecution for the same offense after acquittal; (ii) against a second prosecution for the same offense after conviction; and (iii) against multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). Significantly, with respect to multiple punishments for the same offense, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). Thus, when considering Slavek's allegation, "the first inquiry must be directed to the question of legislative intention as to whether a continuing criminal episode should be treated as a single offense for which only one punishment may be imposed or as two or more 'units of prosecution' based upon particular factors of time or other circumstances dividing the whole into discrete parts." *Ashford v. Edwards*, 780 F.2d 405, 406 (4th Cir.1985).

The Court of Appeals of Virginia determined that the legislature's intent in Virginia Code § 18.2–374.1 was to consider each reproduction of an item of sexually explicit visual material as a "unit of prosecution." In reaching this conclusion, the Court of Appeals of Virginia relied on *Educational Books, Inc. v. Commonwealth*, 228 Va. 392, 323 S.E.2d 84 (1984), which held that the unit of prosecution in the obscenity statute, § 18.2–374, is a single item proscribed by the statute, reasoning that § 18.2–374 "prohibits the sale of 'any obscene item,'" and thus "[t]he gravamen of the offense is the sale of a single item." *Id.* at 86 (upholding nine convictions for sale of nine separate obscene magazines although defendant sold them in only two batches).[37] Accordingly, because Slavek was observed accessing and reproducing by computer four distinct images, on four separate occasions over a period of several hours, the Court of Appeals of Virginia held that such evidence sufficiently proved, beyond a rea-

---

37. For other cases the Court of Appeals of Virginia also cited in support, *see Kelsoe v. Commonwealth*, 226 Va. 197, 308 S.E.2d 104 (1983) (accused convicted of three violations for simultaneously brandishing the same firearm at three persons); *Sullivan v. Commonwealth*, 16 Va.App. 844, 433 S.E.2d 508, 510– 11 (1993) (defendant convicted of two robberies, and related firearm offenses, from two clerks at the same video store); *Jordan v. Commonwealth*, 2 Va.App. 590, 347 S.E.2d 152 (1986) (defendant convicted of two robberies, and related firearm offenses, from employees of a restaurant).

sonable doubt, that defendant committed four distinct violations of Virginia Code § 18.2–374.1, each properly subject to prosecution and punishment.

Thus, it is clear that the judgment of the Court of Appeals of Virginia was not contrary to or an unreasonable application of federal law as it did not provide multiple punishments for the same offense and the prescribed punishment was no greater than the legislature intended. *Missouri v. Hunter*, 459 U.S. at 366, 103 S.Ct. 673. Accordingly, claim (C) must also be dismissed.

## VII.

Therefore, for the reasons stated above, this petition for a writ of habeas corpus must be dismissed. An appropriate Order will issue.