UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

CALVIN EARL BUNCH,
        *Defendant-Appellant.*

No. 03-4335

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CR-01-193)

Submitted: October 31, 2003

Decided: November 14, 2003

Before WIDENER, MICHAEL, and KING, Circuit Judges.

---

Remanded by unpublished per curiam opinion.

---

## COUNSEL

Scott Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North Carolina, for Appellant. Robert J. Conrad, Jr., United States Attorney, Kenneth M. Smith, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Calvin Bunch pleaded guilty to six counts of bank robbery, six counts of armed bank robbery, and six counts of using, carrying, and brandishing a firearm during the commission of a crime of violence. The convictions stem from six bank robberies that occurred in Mecklenburg County, North Carolina, between August 1 and September 17, 2001. On appeal, Bunch contends that because bank robbery, 18 U.S.C. § 2113(a) (2000), is a lesser included offense of armed bank robbery, 18 U.S.C. § 2113(d) (2000), the bank robbery convictions violate the Double Jeopardy Clause and should be vacated. We agree and remand so that the district court may vacate the bank robbery convictions and associated sentences.

The United States contends that Bunch's guilty plea waived his right to raise the above claim on appeal. A valid guilty plea waives all antecedent nonjurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Here, the attack is on Bunch's sentence, which was imposed after entry of the guilty plea. Hence, by pleading guilty, Bunch did not waive his right to bring the instant claim.

The Double Jeopardy Clause forbids "multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Bank robbery, 18 U.S.C. § 2113(a), is a lesser included offense of armed bank robbery, 18 U.S.C. § 2113(d). *United States v. Whitley*, 759 F.2d 327, 331 (4th Cir. 1985) (en banc). In light of the double jeopardy violation in this case, we remand so that the district court may vacate the bank robbery convictions and associated sentences. *See id.*

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

*REMANDED*