**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4435**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

      versus

CALVIN EARL BUNCH,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Graham C. Mullen, Chief
District Judge.  (CR-01-193)

———————

Submitted:  October 21, 2005         Decided:  November 15, 2005

———————

Before MICHAEL, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Scott H. Gsell, LAW OFFICE OF SCOTT GSELL, Charlotte, North
Carolina, for Appellant.  Robert James Conrad, Jr., Kenneth Michel
Smith, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North
Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

For each of six bank robberies that occurred between August 1 and September 17, 2001, Calvin Earl Bunch pled guilty to armed bank robbery, bank robbery, and using, carrying, and brandishing a firearm during the commission of a crime of violence. He was sentenced to 130 months for each bank robbery and armed bank robbery conviction. The sentences ran concurrently. Additionally, he was sentenced to seven years for the firearm offense charged in Count Three of the indictment. That sentence ran consecutively to the 130-month sentence. Finally, he received five consecutive twenty-five year sentences for the remaining firearm convictions. Those sentences ran consecutively to the seven-year sentence and to each other.

On appeal, we determined that because bank robbery is a lesser included offense of armed bank robbery, the bank robbery convictions violated the Double Jeopardy Clause. We vacated the six bank robbery convictions and remanded so that the district court might impose an amended sentence. United States v. Bunch, No. 03-4335 (4th Cir. Nov. 14, 2003) (unpublished).

On remand, the district court entered an amended criminal judgment. The judgment reflects that Bunch is serving a 130-month sentence for each of six armed bank robberies; the sentences run concurrently. He also is serving a consecutive seven-year sentence pursuant to his conviction on Count Three and five twenty-five year

sentences pursuant to the remaining firearm convictions. Those convictions run consecutively to the seven-year sentence and to each other.

Bunch appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1987), raising one issue but stating that there are no meritorious issues for appeal. Bunch was advised of his right to file a supplemental brief, but did not file such a brief.

Bunch contends that the district court erred when it imposed consecutive sentences pursuant to the firearm convictions. However, the statute in question mandates consecutive sentences, and the district court was bound to follow the statutory mandate in imposing sentence. See 18 U.S.C.A. § 924(c)(1)(D) (West 2000 & Supp. 2005).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

- 3 -

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED